Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 10265**

-----------------------------------------------------X

CIRCA, INC

Civ. No.:

Plaintiff,

**COMPLAINT**

**DECLARATORY JUDGMENT ACTION**

v.

MEL BERNIE AND COMPANY, INC.

Defendant.

_____X

NOV 1 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, through its attorneys, Collier & Basil, P.C., by and for its complaint against Defendant,

respectfully alleges as follows:

## I. INTRODUCTION

1.     This is an action for a declaratory judgment declaring that Plaintiff has not through the

use of the term "Circa" violated or infringed any intellectual property rights of Defendant, and

that Plaintiff has not taken any action that constitutes unfair competition, false and/or deceptive

advertising or trade practices under state or federal law.  This complaint arises out of

Defendant's declared intentions to force Plaintiff to discontinue its commercial activities using

the term "Circa", to attempt to block a pending registration of the US Trademark "Circa and

logo", and to compel the Plaintiff to stop using its domain name, "CIRCAJEWELS.COM".

## II. THE PARTIES

2.     Plaintiff Circa, Inc. ("Circa, Inc."), is a duly organized New York corporation, in good

standing as such, with its corporate headquarters at 415 Madison Avenue, 19th Floor, New York,

- 1 -

NY 10017.

3.      Upon information and belief, Defendant Mel Bernie and Company, Inc. ("MBC") is a

California corporation.  Upon information and belief, MBC's corporate headquarters are located

at 3000 W. Empire Avenue, Burbank CA 90025

## III. JURISDICTION AND VENUE

4.      This action is for a declaratory judgment of non-infringement of trademarks.  This action

arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 as well as the Trademark Act of

1946, as amended (the Lanham Act, 15 U.S.C. § 1051 et seq.) and under the Common Law.

5.      This Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under

the Trademark Act).  28 U.S.C. § 2201 (actions arising under the Declaratory Judgment Act) and

28 U.S.C. §§ 1331, 1337 & 1338(a) (act of Congress).  This Court has supplemental jurisdiction

over all state law claims pleaded pursuant to 28 U.S.C. § 1367 and, as the amount in controversy

is greater than $75,000, pursuant to 28 U.S.C. § 1332.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Plaintiff resides

in this Judicial District and/or a substantial part of the events or acts giving rise to the claim

occurred in this Judicial District.

## IV. FACTUAL BACKGROUND

7.      In this Southern District of New York, as well as in other locations throughout the United

States and the world, Plaintiff Circa, Inc. provides services to owners of fine jewelry. Circa, Inc. purchases selected, high quality jewelry from its private and commercial owners for sale to resellers of such items. Circa, Inc. does not buy or sell costume jewelry, and does not sell anything to consumers or to mass market retailers. It maintains an active website under domain name "CIRCAJEWELS.COM" for the purpose of attracting sellers of high quality jewelry.

8.      The registered name of Plaintiff is "Circa, Inc." It conducts business, including advertisements, using the trade name "Circa."

9.      In this Southern District of New York, as well as in many other locations throughout the United States, Defendant MBC manufactures low priced, faux jewelry (i.e., "costume jewelry"), which it sells to consumers thorough mass market retail outlets, for example Wal-Mart and Rite-Aid pharmacies. A list of some retail outlets selling MBC products, provided by MBC's counsel on August 9, 2007, is attached hereto as Exhibit A. Unlike Circa, Inc., MBC does not purchase jewelry from consumers for resale, nor does MBC's business involve fine jewelry.

10.     MBC is the owner of the US Registered Trademark, "Circa" and the US Registered Trademark "Circa 1900." Both marks are registered to MBC under Class 14 – "Jewelry products." However, the "Circa" mark was abandoned and remains so to date.

11.     Circa, Inc. began using its trade name in December 2005. Circa, Inc. has applied for a registered US Trademark "Circa and logo" and others in Class 35, "Business Services." Circa, Inc. is not seeking any trademark under Class 14.

- 3 -

12.     The different trademark classes used by the Plaintiff and Defendant highlight the

differences in the businesses conducted by the respective parties.


13.     MBC manufactures and sells to various retail outlets, including super markets and the

like, low priced costume jewelry under the name "Circa 1900," and not under the mark "Circa."

A photograph of a typical piece of MBC jewelry under the trademark "Circa 1900" is attached to

Exhibit A and illustrates a typical example of the products sold by MBC, selling at $14.99.  This

photograph was supplied by counsel for MBC with the aforementioned August 9, 2007 letter.

MBC does not market its products under the abandoned mark "Circa."


14.     The trademark "Circa 1900" is used by MBC as a descriptive mark, as the costume

jewelry it sells is in the style popular at the end of the nineteenth century.


15.     Circa, Inc. does not manufacture anything.  Circa, Inc. does not sell to retailers or

consumers.  On the contrary, purchases fine jewelry of all styles under the corporate name

"Circa", the trademark "Circa we buy you sell" (US Application 76673441), and the trademark

"Circa we have a check for you" (US Application 76675680).


16.     The sellers providing jewelry to Circa, Inc. are also not manufacturers.  These sellers are

well-to-do individuals, substantial estates, and fine jewelry merchants.  These sellers meet with

Circa, Inc. representatives at a facility organized specifically to accommodate <u>confidential</u>

meetings.  These sellers have expressed a desire to Circa, Inc. to sell their fine jewelry.  Thus, all

of the jewelry handled by Circa, Inc. is pre-owned, high value jewelry obtained directly from their owners.

17.    Circa, Inc. attracts sellers through advertisements targeted to well-to-do individuals and estate managers.  Circa, Inc.'s advertising is directed solely toward these private sellers, and does not target any buyers.  Circa, Inc.'s advertising is also not directed toward jewelry merchants, either as buyers or sellers.  A Circa, Inc. advertisement from the New York Times of November 6, 2007 is attached hereto as Exhibit B.  A brochure in use by Circa, Inc., aimed at well-to-do individuals and estate managers, is attached hereto as Exhibit C.  Circa, Inc. purchases jewelry "on the spot," and pays the seller immediately upon receipt of the items.

18.    Immediately after purchase of jewelry, Circa, Inc. resells it at a modest mark-up to an aggregate of about 30 jewelry merchants, without packaging or trademarking the jewelry in any manner.  The jewelry, which arguably never had any identity with Circa, Inc., certainly loses any identity to Circa, Inc. immediately upon transfer to the jewelry merchants.  The next level buyers or consumers are not aware of the existence of Circa, Inc., nor would such knowledge be significant to their transactions.

19.    By letter dated January 29, 2007, MBC first challenged the use of the term "Circa" by Circa, Inc. Exhibit D.  Before that date, Circa, Inc. was unaware of any potential dispute with MBC.

20.    As illustrated by the aforementioned letter dated August 9, 2007 (Exhibit A) from

counsel for MBC, MBC has claimed that it uses the trademark "Circa 1900" in commerce, but has not claimed that it uses the "Circa" trademark in commerce.

21.     Circa, Inc. is aware of no use by MBC of the "Circa" trademark, and the "Circa" trademark has been abandoned by MBC and its previous owner, UKI Products Limited ("UKI"), 67-69 Salcott Road, London, SW11, 6DQ, United Kingdom, on April 20, 2004.  The trademark "Circa" was registered (Registration 2833617) by UKI.  Exhibit E.  UKI's registration was in Class 14, which includes costume jewelry.

22.     The trademark "Circa 1900" (without a design or logo) was applied for by MBC on January 26, 2002 (US Application 76363256).  Exhibit F.

23.     During the pendency of MBC's "Circa 1900" application, the Office Action of  the Trademark office on February 24, 2005, and on later occasions, rejected the attempted registration of "Circa 1900" in light of the registration by UKI of "Circa" three years prior. Exhibit G, "Petition to Cancel" ¶¶ 9-12.

24.     On several occasions during the aforesaid pendency of the application of MBC and in response to Office Actions of the Trademark Office, counsel for MBC disclaimed any protection for "Circa" alone, but sought protection only for "Circa" in conjunction with the term "1900." See, e.g., Exhibit G, "Petition to Cancel" ¶¶ 1-4.

25.     As noted above, Circa, Inc. began using that corporate name in December of 2005.

26.    Four months later, on April 19, 2006, MBC filed a Petition to Cancel UKI's "Circa" mark based on abandonment.  Exhibit G, "Petition to Cancel" ¶ 5.

27.    On December 11, 2006, UKI's "Circa" trademark was assigned to MBC.  Circa, Inc. is not aware of MBC ever making any use of the "Circa" trademark, which MBC had represented to the Trademark Office as being abandoned.  All of MBC's known uses of the term "Circa" are in conjunction with the term "1900."

28.    As stated above, on January 29, 2007, counsel for MBC wrote to Mr. Howard Sommer of Circa Inc., requesting that Circa, Inc. cease using that name (Exhibit D).  This letter and several subsequent letters from counsel for MBC threatened suit.  For example, a letter dated March 21, 2007 from MBC's counsel stated "Unfortunately your letter appears to leave us little choice but to take action against your client" Exhibit H.  The aforementioned letter from MBC's counsel dated August 9, 2007 stated that MBC "has authorized us to take whatever action is necessary…."  Exhibit A.  Another letter from MBC's counsel, dated September 25, 2007, stated that "We are proceeding to file an action for infringement…."  Exhibit I.  Thus, this matter is ripe for a declaratory judgment, as there is an actual controversy between the parties, which causes uncertainty regarding important rights of both parties, including the right of Circa, Inc. to use its own trade name.  In addition, litigation has been credibly threatened by MBC against Circa, Inc.; therefore, Circa, Inc. reasonably anticipates that litigation will be commenced by MBC shortly.

29.  Contemporaneously with this Complaint for a Declaratory Judgment, Circa, Inc. is filing a

Petition with the US Trademark Office for Cancellation of the abandoned trademark "Circa."

The underlying basis of that Petition is exactly the same as that filed by MBC in April of 2006 –

that the mark remains abandoned.  Since it was purchased by MBC from UKI, the mark "Circa"

has not used by MBC.  The word "Circa" has been used by MBC only in the Trademark "Circa

1900".  The use of "Circa" separate from "Circa 1900" has been disclaimed by MBC.

### V. COUNT ONE

(DECLARATORY JUDGMENT THAT PLAINTIFF HAS NOT INFRINGED DEFENDANT'S
TRADEMARK RIGHTS)

30.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding

paragraphs as if fully stated herein.


31.     Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

2202, as to the relevant rights, liabilities, and obligations of Plaintiff and Defendant with respect

to the federal Lanham Act, 15 U.S.C. §§ 1051 et seq., specifically 15 U.S.C. §§ 1114 and 1125.


32.     Plaintiff has not infringed Defendants' trademark rights, among other reasons, because

the Plaintiff's trade name "Circa, Inc." and domain name "CIRCAJEWELS.COM" were adopted

in good faith.  Plaintiff has not, in connection with any goods or services, used in commerce any

word, term, name, symbol, or device, or any combination thereof, or any false designation of

origin, false or misleading statement of fact, that is likely to cause confusion or to cause mistake,

or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant; or as to

the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by

Defendant, or in commercial advertising or promotion,  Plaintiff has not misrepresented the

8

nature, characteristics, qualities, or geographic origin of goods, services, or commercial activities.

33.    It is unlikely that the use of the term "Circa" or CIRCAJEWELS.COM in commerce by Plaintiff will cause confusion for the following reasons:

(a)  The Plaintiff and Defendant are in different businesses.  Plaintiff provides a service.  Its representatives meet with potential sellers of fine jewelry in confidence and, if the jewelry is appropriate for purchase, Plaintiff offers to purchase the jewelry.  Plaintiff then resells the jewelry to a finite group of jewelry merchants for resale.  Plaintiff manufactures no products, buys no products from manufacturers, and sells no products to retail outlets.  Defendant manufactures and sells products.  It does not buy products from consumers.  It sells to retail outlets.  The products Defendant sells are inexpensive faux jewelry, commonly known as costume jewelry.

(b) The use of "Circa" and "CIRCAJEWELS.COM" by Plaintiff is fanciful.  The term Circa does not describe in any way the services provided by Plaintiff: the confidential purchases of pre-owned jewelry for resale to jewelry merchants.  The use of the word "Circa" by Defendant is descriptive.  In addition, "Circa" is used by Defendant only as part of the Trademark "Circa 1900."  Defendant uses this Trademark, "Circa 1900" to communicate to potential buyers that its costume jewelry is in the style popular at the end of the nineteenth century.

(c) The markets served by Plaintiff and Defendant are unrelated.  Plaintiff markets

its services to well-to-do individuals, substantial estates, and jewelry merchants

seeking to sell high quality jewelry in confidence.  Defendant manufactures

inexpensive costume jewelry, and then sells it to Wal-Mart, Rite-Aid, grocery

stores, and similar mass market outlets.

34.    Additionally, Plaintiff's use of "Circa, Inc.", "Circa", and "CIRCAJEWELS.COM" does

not infringe upon Defendant's trademark because Defendant's "Circa" mark was abandoned by

its prior owner, UKI, and was not valid as against Plaintiff at the time Plaintiff began using

"Circa" and "Circa, Inc." in commerce in December 2005, or thereafter.  Defendant has not used

in commerce the mark "Circa" except in conjunction with "1900."

35.    Defendant has disclaimed before the Trademark Office any right to obtain trademark

protection for "Circa" except in conjunction with "1900."

36.    Although significant consumer confusion is highly unlikely, Defendant would suffer no

harm from any consumer confusion that might occur.  Defendant sells inexpensive faux jewelry,

in sharp contrast to Plaintiff's involvement with only fine jewelry.  To the extent somebody

might confuse Plaintiff's services with the products manufactured by Defendant, that confusion

would either be neutral or, more likely, beneficial to Defendant.

37.    Plaintiff respectfully requests that this Court enter judgment that the use of "Circa, Inc.",

"Circa", and "CIRCAJEWELS.COM" does not and will not constitute infringement of

Defendant's trademark rights.

## **COUNT TWO**

(DECLARATORY JUDGMENT THAT PLAINTIFF DOES NOT VIOLATE ANY FEDERAL UNFAIR COMPETITION OF FALSE ADVERTISING LAWS)

38.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

39.     Plaintiff has not violated the Lanham Act because, among other reasons, because the Plaintiff's trade name "Circa, Inc." and domain name "CIRCAJEWELS.COM" were adopted in good faith. Plaintiff has not, in connection with any goods or services, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading statement of fact, that is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant; or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant, or in commercial advertising or promotion, Plaintiff has not misrepresented the nature, characteristics, qualities, or geographic origin of goods, services, or commercial activities.

40.     It is unlikely that the use of "Circa" or "CIRCAJEWELS.COM" in commerce by Plaintiff will cause confusion for the following reasons:

(a)  The Plaintiff and Defendant are in different businesses. Plaintiff provides a

service. Its representatives meet with potential sellers of fine jewelry in

11

confidence and, if the jewelry is appropriate for purchase, Plaintiff offers to purchase the jewelry.  Plaintiff then resells the jewelry to a finite group of jewelry merchants for resale.  Plaintiff manufactures no products, buys no products from manufacturers, and sells no products to retail outlets.  Defendant manufactures and sells products.  It does not buy products from consumers.  It sells to retail outlets.  The products Defendant sells are inexpensive faux jewelry, commonly known as costume jewelry.

(b) The use of "Circa" and "CIRCAJEWELS.COM" by Plaintiff is fanciful.  The term Circa does not describe in any way the services provided by Plaintiff: the confidential purchases of pre-owned jewelry for resale to jewelry merchants.  The use of the word "Circa" by Defendant is descriptive.  In addition, "Circa" is used by Defendant only as part of the Trademark "Circa 1900."  Defendant uses this Trademark, "Circa 1900" to communicate to potential buyers that its costume jewelry is in the style popular at the end of the nineteenth century.

(c) The markets served by Plaintiff and Defendant are unrelated.  Plaintiff markets its services to well-to-do individuals, substantial estates, and jewelry merchants seeking to sell high quality jewelry in confidence.  Defendant manufactures inexpensive costume jewelry, and then sells it to Wal-Mart, Rite-Aid, grocery stores, and similar mass market outlets.

41.    Additionally, Plaintiff's use of "Circa, Inc.", "Circa", and "CIRCAJEWELS.COM" does

12

not infringe upon Defendant's trademark because Defendant's "Circa" mark was abandoned by its prior owner, UKI, and was not valid as against Plaintiff at the time Plaintiff began using "Circa" and "Circa, Inc." in commerce in December 2005, or thereafter.  Defendant has not used in commerce the mark "Circa" except in conjunction with "1900."

42.    Defendant has disclaimed before the Trademark Office any right to obtain trademark protection for "Circa" except in conjunction with "1900."

43.    Defendant would suffer no harm from any consumer confusion that might occur. Defendant sells inexpensive faux jewelry, in sharp contrast to Plaintiff's involvement with only fine jewelry.  To the extent somebody might confuse Plaintiff's services with the products manufactured by Defendant, that confusion would either be neutral or, more likely, beneficial to Defendant.

44.    Plaintiff respectfully requests that this Court enter judgment that the use of "Circa, Inc.", "Circa", and "CIRCAJEWELS.COM" does not and will not constitute unfair competition, false designation of origin, or false advertising under the Lanham Act.

## COUNT THREE

(DECLARATORY JUDGMENT THAT PLAINTIFF DOES NOT VIOLATE ANY STATE UNFAIR COMPETITION OR FALSE ADVERTISING LAWS)

45.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

46.    Plaintiff has not violated any state unfair competition or false advertising laws because, among other reasons, because the Plaintiff's trade name "Circa, Inc." and domain name "CIRCAJEWELS.COM" were adopted in good faith.  Plaintiff has not, in connection with any goods or services, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading statement of fact, that is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant; or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant, or in commercial advertising or promotion,  Plaintiff has not misrepresented the nature, characteristics, qualities, or geographic origin of goods, services, or commercial activities.

47.    It is unlikely that the use of "Circa" or "CIRCAJEWELS.COM" in commerce by Plaintiff will cause confusion for the following reasons:

(a)  The Plaintiff and Defendant are in different businesses.  Plaintiff provides a service.  Its representatives meet with potential sellers of fine jewelry in confidence and, if the jewelry is appropriate for purchase, Plaintiff offers to purchase the jewelry.  Plaintiff then resells the jewelry to a finite group of jewelry merchants for resale.  Plaintiff manufactures no products, buys no products from manufacturers, and sells no products to retail outlets.  Defendant manufactures and sells products.  It does not buy products from consumers.  It sells to retail outlets.  The products Defendant sells are inexpensive faux jewelry, commonly known as costume jewelry.

(b) The use of "Circa" and "CIRCAJEWELS.COM" by Plaintiff is fanciful. The term Circa does not describe in any way the services provided by Plaintiff: the confidential purchases of pre-owned jewelry for resale to jewelry merchants. The use of the word "Circa" by Defendant is descriptive. In addition, "Circa" is used by Defendant only as part of the Trademark "Circa 1900." Defendant uses this Trademark, "Circa 1900" to communicate to potential buyers that its costume jewelry is in the style popular at the end of the nineteenth century.

(c) The markets served by Plaintiff and Defendant are unrelated. Plaintiff markets its services to well-to-do individuals, substantial estates, and jewelry merchants seeking to sell high quality jewelry in confidence. Defendant manufactures inexpensive costume jewelry, and then sells it to Wal-Mart, Rite-Aid, grocery stores, and similar mass market outlets.

48.     Additionally, Plaintiff's use of "Circa, Inc.", "Circa", and "CIRCAJEWELS.COM" does not infringe upon Defendant's trademark because Defendant's "Circa" mark was abandoned by its prior owner, UKI, and was not valid as against Plaintiff at the time Plaintiff began using "Circa" and "Circa, Inc." in commerce in December 2005, or thereafter. Defendant has not used in commerce the mark "Circa" except in conjunction with "1900."

49.     Defendant has disclaimed before the Trademark Office any right to obtain trademark protection for "Circa" except in conjunction with "1900."

15

50.    Defendant would suffer no harm from any consumer confusion that might occur. Defendant sells inexpensive faux jewelry, in sharp contrast to Plaintiff's involvement with only fine jewelry.  To the extent somebody might confuse Plaintiff's services with the products manufactured by Defendant, that confusion would either be neutral or, more likely, beneficial to Defendant.

51.    Plaintiff respectfully requests that this Court enter judgment that the use of "Circa, Inc.", "Circa", and "CIRCAJEWELS.COM" does not and will not constitute unfair competition, false designation of origin, or false advertising under state and common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor including the following relief:

A.    Declaring that the use of "Circa, Inc.", "Circa", and "CIRCAJEWELS.COM" by Plaintiff does not and will not:

(1)    infringe Defendant's trademark rights;

(2)    constitute unfair competition, false designation of origin, or false advertising under the Lanham Act; or

(3)    constitute unfair competition, false designation of origin, or false advertising under state and common law.

B.    Enjoining Defendant, its agents, servants, employees, attorneys, affiliates, subsidiaries and parents, and those persons or entities in active concert or participation with them, from:

(1)    interfering with the use of "Circa, Inc.", "Circa" or "CIRCAJEWELS.COM" by Plaintiff, including but not limited to interference by

16

pursuing lawsuits and administrative proceedings;

(2)     threatening litigation or other actions against Plaintiff as a result of

Plaintiff's use of "Circa, Inc.", "Circa" or "CIRCAJEWELS.COM" in its trade or

business; and

(3)     making statements or allegations to any non-parties that Plaintiff's use of

"Circa, Inc.", "Circa" or "CIRCAJEWELS.COM" is in violation of any right

belonging to Defendant.

C.     Awarding Plaintiff:

    (1)     Costs of suit, including reasonable attorneys fees; and

    (2)     such other relief as this Court may find to be just and proper.

Dated: November 15, 2007
       New York, New York

                     Gallo & Darmanian
                     230 Park Avenue, Suite 863
                     New York, NY 10169
                     Attn: Denise Darmanian, Esq. (DD6648)
                     (212) 692-0872
                     (212) 692-0875 (FAX)
                     NYFED@aol.com

                     COLLIER & BASIL, P.C.
                     125 West 31st Street, Suite 19-B
                     New York, NY 10001
                     (917) 512-3066
                     (831) 536-1075 (FAX)
                     robertjbasil@collierbasil.com

                     Robert J. Basil, Esq. (RB 3410)
                     A Director of the Firm

17

# EXHIBIT A

WEISSMANN WOLFF ETAL  Fax:3105507191          Aug  8 2007 05:12pm  P002/004

VIA FACSIMILE

August 8, 2007

Denise G. Darmanian, Esq.
Gallo & Darmanian
230 Park Avenue, Suite 863
New York, New York  10169

**Marvin Gelfand**
a professional corporation
mgelfand@wwllp.com
310.860.3325

Re:  Misappropriation, Infringement and Unauthorized Use of CIRCA
     Our File No. 11852.0001

Dear Ms. Darmanian:

We are in receipt of your May 31, 2007 correspondence regarding Circa Inc.'s use of the mark CIRCA and its registration of the domain name CIRCAJEWELS.COM with REGISTER.COM.  In your letter, you stated that you had completed your investigation of the matter and found no use of the marks as claimed.   Upon receipt of your May 31st letter, we were under the impression that your client was not using the mark. However, now that we have seen your client's trade magazine advertisement, we now understand that you were implying that our client was not using the mark.

Attached please find a picture of one of our client's jewelry cards.  Please be advised that our client sells jewelry under this brand in all 50 states through the following stores.

1. Longs (California and Nevada);
2. Albertsons (Illinois, Indiana, Minnesota, Wisconsin, North Dakota, Iowa, and Michigan);
3. Kroger (all fifty states);
4. Six Flags (Texas and New York);
5. Silver Dollar City (Missouri);
6. Drug Emporium (Texas and Louisiana);

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

333558_1.DOC

FROM :                              FAX NO. :                      Aug. 09 2007 09:19AM  P3
                                    WEISSMANN WOLFF ETAL  Fax:3105507191      Aug  8 2007 05:13pm  P003/004

Denise G. Darmanian, Esq.
August 8, 2007
Page 2

They also have plans to ship to Snyders (Minnesota), Navarro (Florida), Bartells (Washington), Air Terminal Gifts (Utah) and Rite-Aid (all fifty states).

Accordingly, your client's use of CIRCA constitutes, among other things, unfair competition and is a clear infringement of our clients' trademark rights. Demand is hereby made that Circa Inc. _immediately_ cease and desist from any further use of the CIRCAJEWELS.COM domain name and CIRCA mark. Please confirm in a writing received by us no later than August 20, 2007, that your client has done so. Please be advised that, in the absence of such written confirmation, Mel Bernie and Company, Inc. dba 1928 Jewelry Company has authorized us to take whatever actions are necessary, in law or in equity, to protect its trademarks and to prevent any further infringement of same.

This letter is not intended to be a complete statement of Mel Bernie and Company, Inc.'s rights and remedies, each and all of which are expressly reserved. If you have any questions regarding the above, please contact me at (310) 860-3325.

Very truly yours,

Marvin Gelfand

MG/dm

Enclosure

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP

333558_1.DOC



EXHIBIT B

TIMES **INTERNATIONAL** TUESDAY, NOVEMBER 6, 2007    N    A9



ONE GAL'S
BLING IS ANOTHER
GAL'S BAUBLE...

CHANGE IS GOOD.

At Circa, we provide an upscale, professional and reliable service for clients who want to sell their fine jewelry. And by paying for each item immediately, we allow you to make your next exciting change.

415 MADISON AVENUE 12TH FLOOR | NEW YORK, NEW YORK 10017

NATIONAL 800.876.6400 | 212.486.6013 | WWW.CIRCAJEWELS.COM

NEW YORK | PALM BEACH | SAN FRANCISCO | CHICAGO | WASHINGTON DC | HONG KONG

CIRCA
WE'LL TAKE IT FROM HERE

EXHIBIT C

EXHIBIT D

WWBCGE

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

January 29, 2007

Howard Sommer
Circa Inc.
415 Madison Avenue, 19th Floor
New York, NY 10017

**Marvin Gelfand**
a professional corporation
mgelfand@wwllp.com
310.860.3325

Re:  Misappropriation, Infringement and
     Unauthorized Use of CIRCA
     Our File No. 11852.0001

Dear Mr. Sommer:

We are intellectual property counsel to Mel Bernie and Company, Inc. dba 1928 Jewelry Company ("1928"), a costume jewelry manufacturer based in Burbank, California. As you may know, our client adopted and has used the trademark CIRCA 1900 for more than fifteen years, owns trademark registration no. 2833617 for CIRCA (the "CIRCA trademarks") and has established substantial good will in its CIRCA trademarks. Specifically, our client has used the CIRCA 1900 trademark since at least as early as October 22, 1991 for jewelry.

During these fifteen years, our client has expended significant time, money, and effort to establish public recognition of its marks as identifying them as the source of high quality jewelry. Our client has used these trademarks in advertising and promoting its sale of these goods throughout the United States. As a result of these efforts, our client has established substantial consumer recognition of the CIRCA trademarks and good will, and they have become two of our client's valuable assets.

It has recently come to our client's attention that Circa Inc. has registered the mark CIRCA with REGISTER.COM as part of the domain name CIRCAJEWELS.COM and is using the CIRCA mark on that website with regard to jewelry. Because of the increasing commercial character of the Internet and our client's launch of its own site on the World Wide Web, your company's use of the CIRCAJEWELS.COM domain name and CIRCA mark will create confusion among

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD, NINTH FLOOR. BEVERLY HILLS, CA 90212  T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

Howard Sommer
January 29, 2007
Page 2

internet browsers and consumers who will believe any site identified by this name is maintained, sponsored by, or affiliated with our client. Your use and registration of this name and mark therefore violates our client's legal rights in its CIRCA 1900 and CIRCA trademarks and constitutes unfair competition and infringement of our client's CIRCA 1900 and CIRCA trademarks as well as a violation of the federal Anticybersquatting Consumer Protection Act.

We therefore request that Circa Inc. cease use of the CIRCAJEWELS.COM domain name and CIRCA mark and immediately surrender and assign all rights and interest in this name and its registration to our client. Please provide us with your written assurances that your company will do so. We will then send you the documents necessary to confirm your cessation of use of this domain name and to assign rights in it to our client.

Please provide us with the requested assurances as soon as possible, but in no event later than February 28, 2007. If we do not receive your assurances within this time, we will so advise our clients and take appropriate steps to prevent any continued infringement.

Very truly yours,

Marvin Gelfand

MG/dm

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL, LLP

327740_1.DOC

EXHIBIT E



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 9 04:05:34 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [         ] OR **Jump** to record: [         ]    **Record 34 out of 76**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*
*Browser to return to TESS)*

# CIRCA

| | |
|---|---|
| **Word Mark** | **CIRCA** |
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: Costume jewelry with semi-precious and synthetic stones; silver jewelry; gold jewelry; watches |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 76301588 |
| **Filing Date** | August 20, 2001 |
| **Current Filing Basis** | 44E |
| **Original Filing Basis** | 1B;44E |
| **Published for Opposition** | October 22, 2002 |
| **Registration Number** | 2833617 |
| **Registration Date** | April 20, 2004 |
| **Owner** | (REGISTRANT) UKI Products Limited CORPORATION UNITED KINGDOM 67-69 Salcott Road London UNITED KINGDOM SW11 6DQ

(LAST LISTED OWNER) MEL BERNIE AND COMPANY, INC. CORPORATION CALIFORNIA 3000 W. EMPIRE AVENUE BURBANK CALIFORNIA 91504 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Mark:          **CIRCA (Stylized)**                                )

Applicant:     UKI Products Limited                                )

Serial No.:    76/301,588                                          )

Attorney Ref.: 021282.00022                                        )

                                                                   )

                                                                   )

---

Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513
BOX ITU FEE

### COMMUNICATION

Dear Sir:

Please find attached herewith;

A Statement of Use for goods in Intl. Classes 16 and 18;

Two Specimens of the mark;

A check in the amount of $200.00;

A First Request for an Extension of Time to File a Statement of Use for goods in Intl. Class 14;

A check in the amount of $150.00;

A Request to Divide the Application in Intl. Classes 16 and 18;

A check in the amount of $200.00; and

A post card to stamp with the filing date.

Although it is believed that all the necessary sums for the filing are enclosed, the U.S. Patent and Trademark Office is hereby authorized to charge any additional necessary amounts or credit any overpayments to Direct Deposit Account Number 01-2300 and refer to our reference no. **021282.00022.**

Respectfully submitted,

Arent Fox Kintner Plotkin & Kahn, PLLC

Date: ___7×11-03___       By: _____

Sheldon H. Klein, Esq.
Arent Fox Kintner Plotkin & Kahn, PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Attorneys for Applicant
202/857-6000

APPLICANT:    UKI Products Limited
              (a corporation of the United Kingdom)
              67-69 Salcott Road
              London SW11 6DQ
              United Kingdom

BASIS    :    Section 1(b) and Section 44(e)

GOODS    :    Costume jewelry with semi-precious and synthetic stones; silver jewelry; gold
              jewelry; watches, **in International Class 14;**

              Photograph albums; stationery, **in International Class 16;** and

              Leather and synthetic luggage, handbags, purses and wallets, **in International
              Class 18.**

08-20-2001
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #28



76301588

# EXHIBIT F



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 9 04:05:34 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [        ] OR **Jump** to record: [        ] **Record 32 out of 76**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CIRCA 1900 |
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: Jewelry. FIRST USE: 19911022. FIRST USE IN COMMERCE: 19911022 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved<br>26.17.13 - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters |
| **Serial Number** | 76363256 |
| **Filing Date** | January 26, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Mel Bernie and Company, Inc. CORPORATION CALIFORNIA 3000 Empire Avenue Burbank CALIFORNIA 91510 |
| **Attorney of Record** | Marvin Gelfand, |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CIRCA 1900" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |

Trademark Electronic Search System (TESS)

| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT G

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA76921** |
| Filing date: | **04/19/2006** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

### Petitioner Information

| Name | Mel Bernie and Company, Inc. | | |
|---|---|---|---|
| Entity | Corporation | Citizenship | California |
| Address | 3000 W. Empire Avenue Burbank, CA 91504 UNITED STATES | | |

| Attorney information | Marvin Gelfand, Esq. Gelfand Rappaport &amp; Glaser LLP 11111 Santa Monica Boulevard, Suite 1000 Los Angeles, CA 90025 UNITED STATES mgelfand@grglawyers.com Phone:(310) 268-7081 |
|---|---|

### Registration Subject to Cancellation

| Registration No | 2833617 | Registration date | 04/20/2004 |
|---|---|---|---|
| International Registration No. | NONE | International Registration Date | NONE |
| Registrant | UKI Products Limited 67-69 Salcott Road London, SW11 6DQ UNITED KINGDOM | | |
| Goods/Services Subject to Cancellation | Class 014 Goods/Services: Costume jewelry with semi-precious and synthetic stones; silver jewelry; gold jewelry; watches | | |

| Attachments | Petition to Cancel.pdf ( 8 pages )(335491 bytes ) |
|---|---|

| Signature | /Marvin Gelfand, Esq./ |
|---|---|
| Name | Marvin Gelfand, Esq. |
| Date | 04/19/2006 |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In re Registration No.:   2833617
For the mark:   CIRCA
Registered on:   April 20, 2004

| | |
|---|---|
| Mel Bernie and Company, Inc.,<br>a California corporation<br><br>       Petitioner,<br><br>  v.<br><br>UKI Products Limited,<br><br>       Registrant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Cancellation No. _____

Commissioner for Trademarks
P.O. Box 1451
Arlington, VA 22313-1451

### PETITION TO CANCEL

Petitioner MEL BERNIE AND COMPANY, INC., (hereinafter referred to as "Petitioner") a California corporation having its principal place of business at 3000 W. Empire Avenue, Burbank, California 91504, believes that it is being and will continue to be damaged by Registration No. 2833617, issued on the Principal Register on April 20, 2004 to UKI Products Limited for the trademark CIRCA for "Jewelry" in International Class 14.

The grounds for cancellation are as follows:

1.    Since at least as early as October 22, 1991, Petitioner has used, and Petitioner is now using the mark CIRCA 1900 in connection with jewelry. Said use has been valid and continuous since the date of first use and has not been abandoned. Said mark of Petitioner is

1

symbolic of extensive good will and consumer recognition built up by Petitioner through substantial amounts of time and effort in advertising and promotion.

    2.    As a result of Petitioner's efforts in establishing and maintaining Petitioner's mark as a symbol of Petitioner, its quality products and services, the trade and purchasing public have come to recognize the mark CIRCA 1900 and design as distinctive of Petitioner's quality products and as indicating the source of those products and services.

    3.    Petitioner's goods sold under and in connection with Petitioner's mark, have met with popular approval from consumers and the wholesale and retail trade. As a result of Petitioner's extensive sales and advertising, the mark CIRCA 1900 and design has come to mean, and is understood to mean, throughout the United States, the Petitioner and Petitioner's goods.

    4.    There is no issue as to priority. Petitioner's use of CIRCA 1900 and design on jewelry in Class 14 is more than fifteen (15) years prior to the earliest date on which Registrant may rely, constructive or otherwise. As such, Petitioner is the senior user of the mark.

    5.    On information and belief, Registrant is not presently engaged in business in U.S. Commerce in connection with the mark which is the subject of U.S. Registration No. 2833617, and upon information and belief, Registrant has not used the CIRCA mark in U.S. Commerce in association with the goods identified in the registration.

    6.    Petitioner filed a trademark application with the United States Patent and Trademark Office to register the mark CIRCA 1900 and design in International Class 14 for Jewelry on February 19, 1992 and the mark was issued registration number 1849227 on August 9, 1994.

7.     Petitioner inadvertently neglected to file an Affidavit of Use and Incontestability and the registration was cancelled on August 18, 2001.

8.     On January 26, 2002, Petitioner filed a new trademark application with the United States Patent and Trademark Office to register the CIRCA 1900 and design mark in connection with jewelry. The serial number for this application is 76363256.

9.     On April 8, 2003, the examining attorney suspended Petitioner's Class 14 application based on a likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052, with Registrant's CIRCA application.

10.     On February 25, 2005, the examining attorney refused to register Petitioner's Class 14 application based on a likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052, with Registrant's CIRCA application.

11.     On October 5, 2005, the examining attorney again refused to register Petitioner's Class 14 application based on a likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052, with Registrant's CIRCA application.

12.     Petitioner is and will be damaged by the continued existence of U.S. Registration No. 2833617 upon the Principal Register because Registrant's trademark is serving as a bar to Petitioner's ability to register the trademark. Based upon all of the foregoing, U.S. Registration No. 2833617 is causing and will continue to cause injury and damage to Petitioner and will likely cause consumer confusion between Petitioner's mark and Registrant's mark.

13.     The parties' respective goods are generally/substantially related, if not identical, and Registrant's use of CIRCA in connection with its goods is without the consent or permission of Petitioner.

3

14.    The registration of the mark CIRCA to Registrant will cause the relevant purchasing public to erroneously assume and thus be confused, misled or deceived, that Registrant's goods are licensed by, controlled by, sponsored by, or in some way connected, related or associated with Petitioner, all to Petitioner's irreparable damage.

15.    Continued existence of Registration No. 2833617 on the Principal Register will give the impression that Registrant has at least a prima facie exclusive right to use the mark, when, in fact, it does not.

16.    Upon information and belief, the party to be served is:

> UKI Products Limited
> 67-69 Salcott Road
> London SW11 6DQ
> United Kingdom

17.    Wherefore, Petitioner requests that Registrant's U.S. Trademark Registration No. 2833617 be cancelled in its entirety; and for such other and further relief as is deemed just and proper.

A duplicate copy of this petition and the $300.00 fee required pursuant to 37 C.F.R. § 2.6(a)(16) is enclosed.

Dated: April 14, 2006                  Respectfully submitted,

Gelfand, Rappaport, & Glaser LLP.

Marvin Gelfand, Esq.
11111 Santa Monica Boulevard, Suite 1000
Los Angeles, California 90025
Phone: (310) 268-7081
Fax: (310) 473-0906

Attorneys for Petitioner
Mel Bernie and Company, Inc.

4

# EXHIBIT H

RECEIVED
3-26-07

**WWBCGE**

**VIA FACSIMILE & U.S. MAIL**

March 21, 2007

Denise G. Darmanian, Esq.
Gallo & Darmanian
230 Park Avenue, Suite 863
New York, NY 10169

**Marvin Gelfand**
a professional corporation
mgelfand@wwllp.com
310.860.3325

Re:   Circa Inc.

Dear Ms. Darmanian:

Our File No. 11852.0000

Thank you for letter dated March 15, 2007.  Unfortunately, your letter appears to leave us little choice but to take action against your client.

It has nearly been 2 months since we wrote your client with respect to its unauthorized use of the Circa mark.  You wrote us back and asked for additional time within to respond to the allegations.  You then wrote us a second time, your letter of March 15, 2007, and stated that you will respond to us once you have had the opportunity to review the matter with your client, yet gave us no target date.  An open extension is simply unacceptable.

We are mindful of the fact that sometimes you may not be able to get to things as rapidly as you would otherwise like.  We extend reasonable courtesies to counsel, and expect the same in return.  However, we can not extend an open extension.

My client has instructed me to take appropriate action if we do not receive a response by the end of this month.  My client firmly believes that 2 months is a long enough period of time if someone is seriously interested in resolving this claim.

I hope to hear from you shortly.

Very truly yours,

Marvin Gelfand

MG/pjc

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

329505_1.DOC

EXHIBIT I

WWBCGE

**VIA FACSIMILE & U.S. MAIL**

September 25, 2007

Denise G. Darmanian, Esq.
Gallo & Darmanian
230 Park Avenue, Suite 863
New York, NY 10169

Re:  Circa Inc.

Dear Ms. Darmanian:

**Marvin Gelfand**
a professional corporation
mgelfand@wwllp.com
310.860.3325

Our File No. 11852.0017

Your letter of September 18, 2007 is acknowledged.

It is clear that you do not appreciate the gravity of this situation.  Your client is continuing to infringe my client's trademarks, and you keep coming up with excuses which are unrelated to the acts in question.  We will wait no longer.

We are proceeding to file an action for infringement, as well as other claims against your client.  Please advise immediately as to whether you are authorized to accept service of process on behalf of your client.

Very truly yours,

Marvin Gelfand

MG/pjc

cc:   Rebecca Smith

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

334829_1.DOC