ALLYN & FORTUNA LLP
Nicholas Fortuna, Esq. (NF-9191)
Attorneys for Defendant
*MEL BERNIE and COMPANY, INC.*
200 Madison Avenue, 5th Floor
New York, New York  10016
Ph: (212) 213-8844
Fax: (212) 213-3318


WEISSMANN WOLFF BERGMAN
  COLEMAN GRODIN & EVALL LLP
Marvin Gelfand, Esq. (*Admitted Pro Hac Vice*)
Attorneys for Defendant
*MEL BERNIE and COMPANY, INC.*
9665 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Ph: (310) 858-7888
Fax: (310) 550-7191


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

CIRCA, INC.,

                Plaintiff,

                v.

MEL BERNIE and COMPANY, INC.,

                Defendant.

-------------------------------------------------------------X

MEL BERNIE and COMPANY, INC.,

                Counterclaimant,

                v.

CIRCA, INC. and ROES 1-10, inclusive,

                Counterclaim Defendants.

-------------------------------------------------------------X

CASE NO.:  **07 CV 10265**

ANSWER AND
COUNTERCLAIMS

        Defendant Mel Bernie and Company, Inc. ("MBC"), by its attorney, answer the Complaint:

1.      MBC admits only that plaintiff has brought this civil action for declaratory relief as set forth in the Complaint and otherwise denies the allegations contained in paragraph 1.

2.      MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies same.

3.      Admitted.

4.      MBC admits only that plaintiff purports to assert an action for a declaratory judgment of non-infringement of trademarks but otherwise denies the allegations contained in paragraph 4.

5.      MBC admits only that plaintiff purports to assert that this Court has subject matter jurisdiction and supplemental jurisdiction as alleged in paragraph 5 but otherwise denies the allegations contained in paragraph 5.

6.      MBC admits only that plaintiff purports to assert that venue is proper in this District but otherwise denies the allegations contained in paragraph 6.

7.      MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis denies same.

8.      MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and on that basis denies same.

9.      MBC admits only that it manufactures costume jewelry which it sells to various distributors and retailers throughout the country and otherwise denies the allegations contained in paragraph 9 except to the extent the allegations accurately reflect the contents of documents and respectfully refers the Court to such documents for evidence of the contents thereof.

10.     Admitted except MBC denies that the "CIRCA" mark was abandoned by MBC and that it remains so to date.

11.     MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies same.

12.     Denied.

2

13.    MBC denies the allegations contained in paragraph 13 except to the extent the allegations correctly reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

14.    Denied.

15.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and on that basis denies same.

16.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis denies same.

17.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and on that basis denies same.

18.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and on that basis denies same.

19.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis denies same except to the extent the allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

20.    MBC denies the allegations contained in paragraph 20 except to the extent the allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

21.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's awareness and on that basis denies same, and otherwise denies the allegations contained in paragraph 21, except admits that UKI Products Limited ("UKI") was the previous owner of the trademark "CIRCA" and that UKI's registration was in Class 14, which includes costume jewelry.

22.    Admitted and MBC respectfully refers the Court to the specified documents for evidence of the contents thereof.

3

23.    Admitted and MBC respectfully refers the Court to the specified documents for evidence of the contents thereof.

24.    MBC denies the allegations contained in paragraph 24 and respectfully refers the Court to the specified documents for evidence of the contents thereof.

25.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and on that basis denies same.

26.    Admitted.

27.    MBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's awareness and on that basis denies same, and otherwise denies the allegations contained in paragraph 27 except admits that on December 11, 2006, UKI's "CIRCA" trademark was assigned to MBC.

28.    MBC denies the allegations contained in paragraph 28 except to the extent the allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

29.    Denied.

### COUNT ONE

30.    MBC re-alleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.    MBC admits only that plaintiff purports to bring this action for declaratory judgment pursuant to the provisions enumerated in paragraph 31.

32.    Denied.

33.    MBC admits only that it manufactures costume jewelry which it sells to various distributors and retailers throughout the country and otherwise denies the allegations contained in paragraph.

34.    Denied.

35.    Denied.

36.    Denied.

4

37.    MBC admits only that plaintiff purports to request that the Court enter judgment that plaintiff's use of "Circa, Inc.", "CIRCA", and "CIRCAJEWELS.COM" does not and will not constitute infringement of MBC's trademark rights but otherwise denies the allegations contained in paragraph 37.

## COUNT TWO

38.    MBC re-alleges and incorporates by reference paragraphs 1 through 38, inclusive, as though fully set forth herein.

39.    Denied.

40.    MBC denies the allegations contained in paragraph 40 except admits that it manufactures and sells products, does not buy products from consumers, and sells to retail outlets.

41.    Denied.

42.    Denied.

43.    Denied.

44.    MBC admits only that plaintiff purports to request that the Court enter judgment that the use of "Circa, Inc.", "CIRCA", and "CIRCAJEWELS.COM" does not and will not constitute unfair competition, false designation of origin, or false advertising under the Lanham Act, but otherwise denies the allegations contained in paragraph 44.

## COUNT THREE

45.    MBC re-alleges and incorporates by reference paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.    Denied.

47.    MBC denies the allegations contained in paragraph 47 except admits that it manufactures and sells products, does not buy products from consumers and sells to retail outlets.

48.    Denied.

49.    Denied.

50.    Denied.

51.    MBC admits only that plaintiff purports to request that the Court enter judgment that the use of "Circa, Inc.", "CIRCA", and "CIRCAJEWELS.COM" does not and will not constitute unfair competition, false designation of origin, or false advertising under state and common law, but otherwise denies the allegations contained in paragraph 51.

### FIRST AFFIRMATIVE DEFENSE

52.    Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

53.    Plaintiff's claims are barred by the doctrine of unclean hands.


### COUNTERCLAIMS

### THE PARTIES

1.    Defendant/Counterclaimant Mel Bernie & Company, Inc., dba 1928 Jewelry Company ("MBC"), is a California corporation located and doing business in California with its principal place of business at 3000 West Empire Avenue, Burbank, California, 91504.

2.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendant, Circa, Inc. is a New York corporation located and doing business in New York with its principal place of business at 415 Madison Avenue, 19th Floor, New York, New York 10017.

3.    The true names and capacities of the Counterclaim Defendants named as Roes 1 though 10 are presently unknown to MBC. MBC will amend these counterclaims to allege these Counterclaim Defendants' true names and capacities when same has been ascertained. MBC is informed and believes, and thereon alleges, that each of the fictitiously named Counterclaim Defendants are responsible in some manner for the occurrences alleged herein and were the legal cause in fact of the damages alleged herein.

4.    MBC is informed and believes, and thereon alleges, that, at all times alleged herein, each of the Counterclaim Defendants were authorized and directed by their co-Counterclaim Defendants to act as agents, representatives, employees, alter egos, co-

6

conspirators, and/or servants and that all of the things alleged herein to have been done by the Counterclaim Defendants were done in the capacity of such agency, service, representation, alter-ego, conspiracy and/or employment.

## JURISDICTION AND VENUE

5.      This action arises under the Lanham Act of 1946 (15 U.S.C. §§ 1051 *et seq.*). This Court has original jurisdiction over this action pursuant to pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, and 1338, and has supplemental jurisdiction over MBC's related claims arising under the statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a).

6.      Venue should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404 (a) because the balance of convenience to the parties and witnesses tips strongly in favor of such a transfer and the interests of justice require that plaintiff's attempt to forum shop based on its preference to litigate in New York and in order to avoid defending California state law claims not be rewarded.[1]

## FACTS COMMON TO ALL COUNTERCLAIMS

7.      MBC manufacturers costume jewelry which it sells to various distributors and retailers throughout the United States.  One of MBC's prominent lines of jewelry is called "CIRCA 1900."

8.      On or about October 22, 1991, MBC adopted and began using the trademarks "CIRCA" and "CIRCA 1900," and the design mark "CIRCA 1900," in connection with its CIRCA 1900 line of jewelry.  The CIRCA 1900 design mark is composed of the word "CIRCA" in all capital letters with a wavy line beneath it and the number "1900" beneath the line. The CIRCA 1900 design mark and trademark, and the CIRCA trademark shall be referred to collectively herein as the "CIRCA trademarks."  MBC has, since 1991, used the CIRCA

---

[1] As stated in MBC's letter of December 28, 2007 to this Court, MBC intends to file a motion to transfer venue to the Central District of California.

trademarks in interstate commerce in connection with all of its distribution and sales of the CIRCA 1900 line of jewelry.

9.    MBC is the owner of registration no. 2833617 for the trademark "CIRCA," registered in the United States Patent and Trademark Office on April 20, 2004 covering the use of said mark on costume jewelry with semi-precious and synthetic stones, silver jewelry, gold jewelry and watches.  A true and correct copy of the registration is attached hereto as Exhibit "A" and incorporated herein by this reference.  That registration was validly assigned by UKI Products Limited, a United Kingdom corporation, to MBC by means of a written assignment dated November 15, 2006 and recorded in the United States Patent and Trademark Office on December 11, 2006.  A copy of the assignment is attached hereto as Exhibit "B" and incorporated herein by this reference.

10.    MBC's jewelry and other products are of high quality and are favorably known to the trade and the public.  MBC has, since 1991, developed the CIRCA trademarks and has continuously used them to distinguish the jewelry manufactured and sold by MBC from that manufactured and sold by others.  MBC has built up and now has valuable goodwill connected with the CIRCA trademarks.

11.    Since 1991, MBC has used the CIRCA trademarks to identify its panoply of jewelry and to distinguish same from that sold by others.  The CIRCA trademarks have appeared prominently on MBC's products and in trade literature and advertising materials.  Through the use of, among other things, the CIRCA trademarks, MBC has developed an excellent reputation for its jewelry.  The CIRCA trademarks have become well known throughout the jewelry sale and distribution industries, have achieved secondary meaning and significance in the minds of the relevant public, and represent the exceedingly valuable good will of MBC.  MBC has diligently policed its rights in the CIRCA trademarks.

12.    Long after MBC's adoption and many years of continuous use of the CIRCA trademarks in connection with jewelry, and with actual and constructive notice thereof,

Counterclaim Defendants adopted and began using the name CIRCA in connection with their solicitation of and sales to jewelry customers.

13.    MBC is informed and believes, and thereon alleges, that, in or about 2006 -- many years after MBC's adoption and continued use of the CIRCA trademarks -- without obtaining MBC's permission, Counterclaim Defendants created and registered the domain name circajewels.com, and have, since 2007, been conducting business on that website and using the name "CIRCA" in connection with its purchase and sale of jewelry.  A true and correct copy of each page of the Counterclaim Defendants' website is attached hereto as Exhibit "C" and incorporated herein by this reference.

14.    The domain name circajewels.com is designed to confuse the consuming public into believing that they are visiting a website associated with MBC's jewelry because someone visiting Counterclaim Defendants' website or linking to it by typing the words "Circa" and "jewelry" into a search engine will see pictures of jewelry on web pages bearing the name "CIRCA," in large, capital letters, just as MBC's product and promotional materials bear same.

15.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants advertise their jewelry and related services in various trade magazines, and that all such advertisements prominently display the word "CIRCA" in a manner similar to the display of the word "CIRCA" on MBC's products and promotional materials.  A true copy of one of Counterclaim Defendants' advertisements in a jewelry trade magazine is attached hereto as Exhibit "D" and incorporated herein by this reference.

16.    Counterclaim Defendants' prominent use of the word CIRCA, along with the style of presentation of same, in connection with the purchase and sale of jewelry, is likely to cause confusion, cause mistake, or deceive the consuming public as to Counterclaim Defendants' affiliation, connection, or association with MBC, as to the origin, sponsorship, or approval of Counterclaim Defendants' goods and services by MBC, and/or as to whether MBC remains in the business of manufacturing costume jewelry which it sells to various distributors and retailers throughout the United States.

17.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants have received revenue and/or commissions for sales and/or purchases of jewelry from this website, or from other channels of commerce.

18.    MBC did not authorize Counterclaim Defendants to use the CIRCA trademark.

19.    The products and/or services offered at Counterclaim Defendants' website are similar to some or all of the products offered by MBC, and are competitive with such products.

20.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants knowingly adopted the website name circajewels.com with the intent and expectation that it would cause confusion with MBC's trademarks such that Counterclaim Defendants would gain revenues and/or commissions by selling and distributing their products and promoting their services on MBC's reputation and goodwill in the field of jewelry sales and distribution.

21.    By offering and dealing in similar products and services using the "CIRCA" name, potential customers and clients of MBC, including those in this district, were and are likely to be confused.  Accordingly, injury has been and continues to be caused to MBC.

22.    MBC is informed and believes, and thereon alleges, that it has lost some control of its reputation and goodwill by Counterclaim Defendants' website having been wrongly associated with MBC's products, or by the consuming public mistakenly believing that MBC is no longer in the business of manufacturing costume jewelry which it sells to various distributors and retailers throughout the United States.

23.    On January 29, 2007, MBC, through counsel, contacted Counterclaim Defendants by letter sent via certified mail and demanded that Counter Defendants cease conducting the above-mentioned unlawful activity.

24.    On March 21, 2007, MBC, through counsel, again contacted Counterclaim Defendants by letter sent via U.S. Mail regarding the above-mentioned unlawful activity.

25.    On May 31, 2007, Counterclaim Defendants, through counsel, responded by letter sent via first class mail to MBC, stating that Counterclaim Defendants had found "no use of the marks as claimed."

26.    On August 9, 2007, MBC, through counsel, sent via facsimile a letter to Counterclaim Defendants' counsel setting forth MBC's use of the CIRCA trademarks and demanding again that Counterclaim Defendants cease use of the circajewels.com domain name and the CIRCA trademark.

27.    MBC is informed and believes, and thereon alleges, that, notwithstanding MBC's counsel's demands, Counterclaim Defendants continue to operate their website circajewels.com, and have refused to cease doing business using MBC's CIRCA trademark.

## FIRST COUNTERCLAIM FOR TRADEMARK INFRINGEMENT

### [15 U.S.C. § 1114(1)]

28.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 27, above.

29.    MBC adopted the CIRCA trademarks in 1991 and has used them in interstate commerce continuously since its inception in connection with the promotion, distribution and sale of high quality costume jewelry.

30.    MBC is the owner of the trademark "CIRCA," registered on April 20, 2004 with the United States Patent and Trademark Office for use in connection with jewelry in International Class 14.

31.    The CIRCA trademarks are in use on a variety of commercial products purchased and promotional materials disseminated throughout the country.

32.    Counterclaim Defendants have copied or colorably imitated the CIRCA trademarks, and have applied such copies or colorable imitations to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of Counterclaim Defendants' goods and/or services, which is likely to cause to confusion, cause mistake, or deceive, in violation of 15 U.S.C. § 1114(1)(b).  MBC is informed and believes, and thereon alleges, that Counterclaim Defendants have committed these acts with knowledge that they would cause confusion, cause mistake, or deceive, and with the intent to do so.

11

33.    MBC is informed and believes, and thereon alleges, that as a proximate result of Counterclaim Defendants' wrongful conduct as herein alleged, Counterclaim Defendants have made substantial profits and MBC has sustained substantial damage, each in amounts to be proven at trial.  MBC is entitled to recover all of Counterclaim Defendants' profits, plus an amount equal to three times its actual damages, plus the costs of this action (including reasonable attorneys' fees), pursuant to 15 U.S.C. § 1117(a).

34.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants have intentionally used the CIRCA trademark as herein alleged, knowing that such mark or designation is prohibited under 15 U.S.C. § 1116(d), thereby entitling MBC to recover treble damages, prejudgment interest, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b).

35.    As a result of Counterclaim Defendants' willful use of the CIRCA trademark in connection with the sale, offering for sale, or distribution of Counterclaim Defendants' goods and/or services as herein alleged, MBC is entitled, at its election, to recover statutory damages in lieu of actual damages and profits pursuant to 15 U.S.C. § 1117(c).

36.    MBC has no adequate remedy at law and, unless Counterclaim Defendants are permanently enjoined from unlawfully using the CIRCA trademark pursuant to 15 U.S.C. § 1116(a), MBC will continue to suffer irreparable harm as a result of Counterclaim Defendants' conduct as herein alleged.

## SECOND COUNTERCLAIM FOR FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. § 1125(a)]

37.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 36, above.

38.    Counterclaim Defendants' adoption and use of the CIRCA trademark, along with the presentation of same, is likely to cause confusion, cause mistake, or deceive as to Counterclaim Defendants' affiliation, connection or association with MBC, or as to the origin, sponsorship, or approval of Counterclaim Defendants' products and services and commercial activities by MBC, in violation of 15 U.S.C. § 1125(a)(1)(A).

12

39.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants' use and presentation of the CIRCA trademark in commercial advertising or promotion misinterprets the nature, characteristics, qualities, or origin of Counterclaim Defendants' goods and/or services, in violation of 15 U.S.C. § 1125(a)(1)(B).

40.    MBC is informed and believes, and on that basis alleges, that, as a proximate result of Counterclaim Defendants' wrongful conduct as herein alleged, Counterclaim Defendants have made substantial profits and MBC has sustained substantial damage, each in amounts to be proven at trial.  MBC is entitled to recover all of Counterclaim Defendants' profits, plus an amount equal to three times its actual damages, plus the costs of this action (including reasonable attorneys' fees), pursuant to 15 U.S.C. § 1117(a).

41.    Counterclaim Defendants' unauthorized and infringing use of the CIRCA trademark, along with its presentation of same, has been and is likely to cause confusion and mistake in the minds of the relevant public and to deceive them as to the origin, authorization, or sponsorship of Counterclaim Defendants' goods and/or services, and to cause consumers to purchase Counterclaim Defendants' goods based on the erroneous belief that MBCs have produced, participated in, approved and/or endorsed Counterclaim Defendants' goods and/or services and/or the use of the CIRCA mark in connection with their sale.

42.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants' unlawful use of the CIRCA trademark will irreparably harm MBC, in that Counterclaim Defendants are offering jewelry and jewelry-buying services under a mark which is identical or confusingly similar to MBC's mark, thus leaving customers and consumers to believe, erroneously, that Counterclaim Defendants' goods and/or services are in fact manufactured, sold, sponsored or endorsed by MBC, or that MBC is no longer in the business of manufacturing costume jewelry and selling it to various distributors and retailers throughout the United States.

43.    MBC has no adequate remedy at law, and, unless Counterclaim Defendants are enjoined pursuant to 15 U.S.C. § 1116(a) from unlawfully using the CIRCA trademark, MBC

will continue to suffer irreparable harm as a result of Counterclaim Defendants' conduct as herein alleged.

## THIRD COUNTERCLAIM FOR CYBERPIRACY

### [15 U.S.C. § 1125 (d)]

44.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 43, above.

45.    MBC is informed and believed, and thereon alleges, that in or about 2006 Counterclaim Defendants registered the domain name circajewels.com, and have, since in or about 2007, used same to conduct their business.

46.    As alleged herein, the domain name circajewels.com is confusingly similar to the Circa trademarks.

47.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants had an improper purpose for registering the domain name circajewels.com either at the time they registered the domain name or at any time since then, and that Counterclaim Defendants' purpose for registering same was to trade on the reputation and goodwill of MBC.

48.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants used the domain name circajewels.com to wrongfully direct persons using the Internet to conduct business with Counterclaim Defendants when those persons believed they were conducting business with MBC or to believe that MBC was no longer in the business of manufacturing costume jewelry and selling it to various distributors and retailers throughout the United States.

49.    After MBC, through counsel, sent a cease and desist letter to Counterclaim Defendants, Counterclaim Defendants refused to terminate use of the circajewels.com domain name and to surrender their rights in same to MBC.

50.    The actions of Counterclaim Defendants as alleged herein evidence and constitute bad faith intent to profit from another's trademark.

51.    MBC is informed and believes, and thereon alleges, that as a proximate result of Counterclaim Defendants' wrongful conduct as herein alleged, Counterclaim Defendants have

made or will make substantial profits and MBC has sustained substantial damage, each in amounts to be proven at trial. MBC is entitled to recover all of Counterclaim Defendants' profits, plus an amount equal to three times its actual damages, plus the costs of this action (including reasonable attorneys' fees) pursuant to 15 U.S.C. §1117(a).

52.    MBC has no adequate remedy at law, and, unless Counterclaim Defendants are enjoined pursuant to 15 U.S.C. § 1116(a) from unlawfully using the circajewels.com domain name, MBC will continue to suffer irreparable harm as a result of Counterclaim Defendants' conduct as herein alleged.

53.    MBC is entitled to an order requiring Counterclaim Defendants' forfeiture or cancellation of the domain name, or, in the alternative, an order requiring Counterclaim Defendants to transfer the domain name to MBC.

## FOURTH COUNTERCLAIM

### FOR COMMON LAW TRADEMARK INFRINGEMENT

54.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 53, above.

55.    As alleged herein, MBC has acquired common law trademark rights in the CIRCA trademarks, including the logo and design for CIRCA 1900, in connection with, among other things, the promotion, sale and distribution of jewelry.

56.    The actions of Counterclaim Defendants alleged herein are likely to create confusion, mistake and deception of consumers into believing that Counterclaim Defendants' infringing and unauthorized use of the CIRCA trademark is authorized, licensed, or sponsored by, or otherwise associated with MBC's common law trademark rights in the CIRCA trademarks.

57.    MBC is informed and believes, and thereon alleges, that in doing the acts herein alleged, Counterclaim Defendants acted maliciously, fraudulently, oppressively, and in bad faith, with an intent to injure MBCs.

15

58.    The foregoing actions of Counterclaim Defendants constitute infringement of MBC's trademarks in violation of federal common law and the common law of the State of California.

59.    MBC is informed and believes, and thereon alleges, that as a proximate result of Counterclaim Defendants' wrongful conduct as herein alleged MBC has sustained substantial damage in amount to be proven at trial.

60.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants have engaged in the malicious, fraudulent and oppressive conduct herein alleged with a willful and conscious disregard for the rights of MBC. As a result of such malicious, fraudulent, or oppressive conduct on the part of Counterclaim Defendants, MBC is entitled to recover punitive or exemplary damages from them pursuant to Section 3294 of the California Civil Code in an amount to be proven at trial.

61.    MBC has no adequate remedy at law, and, unless Counterclaim Defendants are enjoined pursuant to 15 U.S.C. § 1116(a) from unlawfully using the CIRCA trademark and the circajewels.com domain name, MBC will continue to suffer irreparable harm as a result of Counterclaim Defendants' conduct as herein alleged.

**FIFTH COUNTERCLAIM**

**FOR CALIFORNIA STATUTORY UNFAIR COMPETITION**

**[Cal. Business & Professions Code §§ 17200 *et seq.*]**

62.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 61, above.

63.    MBC is informed and believes, and thereon alleges, that by their actions as alleged herein, Counterclaim Defendants are attempting improperly to divert customers and consumers from MBC's jewelry to Counterclaim Defendants' jewelry and/or services by, among other things, using the CIRCA trademark and the circajewels.com domain name to confuse and deceive the purchasing public into believing they are purchasing MBC's jewelry or that Counterclaim Defendants' business is associated with or sponsored by MBC.

16

64.    MBC earns revenues from the sales and distribution of its own jewelry under the CIRCA trademark, and stands to be harmed by improper diversion of sales from its jewelry to Counterclaim Defendants' products and/or services or by the purchasing public believing that MBC no longer engages in the business of manufacturing costume jewelry which it sells to various distributors and retailers throughout the United States.

65.    MBC is entitled to injunctive relief under Bus. & Prof. Code §§ 17200 *et seq.* to prevent Counterclaim Defendants' acts of wrongful competition as alleged herein.

## SIXTH COUNTERCLAIM

### FOR CALIFORNIA COMMON LAW UNFAIR COMPETITION

66.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 65, above.

67.    Counterclaim Defendants' conduct herein alleged constitutes unfair competition in violation of the common law of the State of California.

68.    MBC is informed and believes, and thereon alleges, that as a proximate result of Counterclaim Defendants' wrongful conduct as herein alleged, Counterclaim Defendants have made substantial profits and MBC has sustained substantial damage, each in amounts to be proven at trial.

69.    MBC has no adequate remedy at law and, unless Counterclaim Defendants are enjoined from unlawfully using the CIRCA trademark and the circajewels.com domain name, MBC will continue to suffer irreparable harm as a result of Counterclaim Defendants' conduct as herein alleged.

70.    MBC is informed and believes, and thereon alleges, that in doing the acts herein alleged, Counterclaim Defendants acted maliciously, fraudulently, oppressively, and in bad faith, with an intent to injure MBC.

71.    MBC is informed and believes, and thereon alleges, that the unlawful conduct herein alleged on the part of each corporate defendant was authorized, ratified, or carried on by one or more of its officers, directors, or managing agents, and/or by that defendant itself.

72.    MBC is informed and believes, and thereon alleges, that Counterclaim Defendants have engaged in the malicious, fraudulent and oppressive conduct herein alleged with a willful and conscious disregard for the rights of MBC. As a result of such malicious, fraudulent, or oppressive conduct on the part of Counterclaim Defendants, MBC is entitled to recover punitive or exemplary damages from them pursuant to Section 3294 of the California Civil Code in an amount to be proven at trial.

**SEVENTH COUNTERCLAIM FOR AN ACCOUNTING**

73.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 72, above.

74.    An accounting is required to determine the amount of profits derived by Counterclaim Defendants from their unlawful conduct.

**EIGTH COUNTERCLAIM FOR CONSTRUCTIVE TRUST**

75.    MBC re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 74, above.

76.    MBC has no adequate remedy at law and has sustained irreparable harm as a result of Counterclaim Defendants' unlawful conduct as herein alleged. Counterclaim Defendants hold all ill-gotten gains from such unlawful conduct, in an amount to be proven at trial, in constructive trust for the benefit of MBC.

WHEREFORE, MBC respectfully requests this Court to enter judgment in its favor including the following relief:

1.    Declaring that use of "CIRCA" and the circajewels.com domain name by Plaintiff/ Counterclaim Defendant infringes the common law and statutory trademark rights of MBC in the CIRCA trademark.

**On First Counterclaim (Trademark Infringement):**

2.    That Counterclaim Defendants be required to account for and pay over to MBC all profits derived by them from their unlawful conduct in an amount to be proven at trial;

3.    For an award of three times MBC's actual damages in an amount to be proven at trial;

4.    For an award, at MBC's election, to recover statutory damages in lieu of actual damages and profits pursuant to 15 U.S.C. § 1117(c); and

5.    For a preliminary and permanent injunction prohibiting Counterclaim Defendants, and each of their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the CIRCA trademark and the circajewels.com domain name in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Second Counterclaim (False Designation of Origin):**

6.    That Counterclaim Defendants be required to account for and pay over to MBC all profits derived by them from their unlawful conduct in an amount to be proven at trial;

7.    For an award of three times MBC's actual damages in an amount to be proven at trial; and

8.    For a preliminary and permanent injunction prohibiting Counterclaim Defendants, and each of their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the CIRCA trademark and the circajewels.com domain name in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Third Counterclaim (Cyberpiracy):**

9.    That Counterclaim Defendants be required to account for and pay over to MBC all profits derived by them from their unlawful conduct in an amount to be proven at trial;

10.    For an award of three times MBC's actual damages in an amount to be proven at trial;

11.    For an award, at MBC's election, to recover statutory damages in lieu of actual damages and profits pursuant to 15 U.S.C. § 1117(c); and

12.     For a preliminary and permanent injunction prohibiting Counterclaim Defendants, and each of their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the CIRCA trademark and the circajewels.com domain name in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Fourth Counterclaim (Common Law Trademark Infringement):**

13.     For compensatory damages in an amount to be proven at trial;

14.     For punitive or exemplary damages in an amount to be proven at trial; and

15.     For a preliminary and permanent injunction prohibiting Counterclaim Defendants, and each of their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the CIRCA trademark and the circajewels.com domain name in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Fifth Counterclaim (Statutory Unfair Competition):**

16.     For a preliminary and permanent injunction prohibiting Counterclaim Defendants, and each of their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the CIRCA trademark and the circajewels.com domain name in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Sixth Counterclaim (Common Law Unfair Competition):**

17.     For compensatory damages in an amount to be proven at trial;

18.     For punitive or exemplary damages in an amount to be proven at trial; and

19.     For a preliminary and permanent injunction prohibiting Counterclaim Defendants, and each of their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the CIRCA trademark and the circajewels.com domain name in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Seventh Counterclaim (Accounting):**

20.    That Counterclaim Defendants be required to account for all profits derived by them from their unlawful conduct.

**On Eighth Counterclaim (Constructive Trust):**

21.    That Counterclaim Defendants are holding, as constructive trustees for the benefit of MBCs, all profits derived by Counterclaim Defendants from their unlawful conduct in an amount to be proven at trial.

**On All Counterclaims:**

22.    For prejudgment interest in the maximum amount provided by law;

23.    For costs of suit, including reasonable attorneys' fees where permitted by statute; and

24.    For such other or further relief as the Court deems just and proper.

Dated: January 4, 2008

Respectfully submitted,

ALLYN & FORTUNA LLP
Nicholas Fortuna, Esq. (NF-9191)
Attorneys for Defendant
*MEL BERNIE and COMPANY, INC.*
200 Madison Avenue, 5th Floor
New York, New York 10016
Ph: (212) 213-8844
Fax: (212) 213-3318

and

WEISSMANN WOLFF BERGMAN COLEMAN
    GRODIN & EVALL LLP
Marvin Gelfand (*Admitted Pro Hac Vice*)
Attorneys for Defendant
*MEL BERNIE and COMPANY, INC.*
9665 Wilshire Boulevard, 9th Floor
Beverly Hills, California 90212
Ph: (310) 858-7888
Fax: (310) 550-7191

EXHIBIT "A"

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 2,833,617

### United States Patent and Trademark Office

Registered Apr. 20, 2004

TRADEMARK
PRINCIPAL REGISTER



UKI PRODUCTS LIMITED (UNITED KINGDOM CORPORATION)
67-69 SALCOTT ROAD
LONDON, UNITED KINGDOM SW11 6DQ

FOR: COSTUME JEWELRY WITH SEMI-PRE-CIOUS AND SYNTHETIC STONES; SILVER JEW-ELRY; GOLD JEWELRY; WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

OWNER OF UNITED KINGDOM REG. NO. 2187410, DATED 7-23-1999, EXPIRES 1-29-2009.

SER. NO. 76-301,588, FILED 8-20-2001.

MARY ROSSMAN, EXAMINING ATTORNEY

EXHIBIT "B"

 **United States Patent and Trademark Office** 

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

## Trademark Assignment Abstract of Title

**Total Assignments: 1**

| | | | |
|---|---|---|---|
| Serial #: 76301588 | **Filing Dt:** | Reg #: 2833617 | **Reg. Dt:** |
| Mark: | | | |

**Assignment: 1**

Reel/Frame: 3441/0948    **Received:** 12/11/2006    **Recorded:** 12/11/2006    **Pages:** 4

Conveyance: ASSIGNS THE ENTIRE INTEREST

Assignor: UKI PRODUCTS LIMITED

**Exec Dt:** 11/15/2006
**Entity Type:** CORPORATION
**Citizenship:** UNITED KINGDOM

Assignee: MEL BERNIE AND COMPANY, INC.
3000 W. EMPIRE AVENUE
BURBANK, CALIFORNIA 91504

**Entity Type:** CORPORATION
**Citizenship:** CALIFORNIA

Correspondent: MARVIN GELFAND, ESQ.
9665 WILSHIRE BOULEVARD
9TH FLOOR
BEVERLY HILLS, CA 90212

Search Results as of: 09/10/2007 03:36 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME |

EXHIBIT "C"

CIRCA - We buy jewelry. Sell your jewelry in New York, Palm Beach, San Francisco, C...    Page 1 of 1





PHILOSOPHY   ABOUT US   LOCATIONS   CONTACT

CIRCA

ABOUT US
...in how we got there."

WHO WE ARE

CHRIS DEL GATTO (click to see bio)
Chairman and Chief Executive Officer

Richard Tilles
President

Jeffrey Slinger
Vice President & Managing Buyer

Howard Sommer
Chief Financial Officer

Bonnie Sturn
Director of Client Services

Fabiola Bacasasu
Creative Director

REGIONAL DIRECTORS:

TOLL FREE 800 87

© 2007 Circa Inc.

CIRCA - We buy jewelry. Sell your jewelry in New York, Palm Beach, San Francisco, Chicago, Washington, D.C., Hong Kong





# CIRCA

PHILOSOPHY   ABOUT US   LOCATIONS   CONTACT

## PHILOSOPHY

more important to us than client satisfaction, not only in price, but in how they were handled," Del Gatto affirms.

Del Gatto's tenacity has carried the jewelry industry a leap forward. He notes, "Through professionalism, honesty, expertise and a tremendous depth of knowledge, CIRCA has set the new standard for caring consumerism. We see an incredible amount of jewelry and our breadth and depth is truly valuable. Because of CIRCA, fine jewelry is now more liquid than anything in a family's portfolio. Significant items often historically have remained frozen in the vault as non-performing assets." At CIRCA, once a client accepts an offer, they are immediately presented with a check. No commission charges or fees are deducted. It is a quick, efficient and press free alternative to the gossipy and expensive atmosphere of the auction house.

CIRCA's financial resources and broad expertise are unmatched in the industry. We do indeed put a price on every piece of fine jewelry presented. There is no limit or minimum. Yet Del Gatto makes it clear that "CIRCA's paramount interest is in customer satisfaction, nurturing loyalty and fostering our esteemed reputation. No one else treats clients as well as we do. At CIRCA, you are not a

TOLL FREE 800 87

©2007 Circa Inc.



# CIRCA

**PHILOSOPHY  ABOUT US  LOCATIONS  CONTACT**

## PHILOSOPHY

CIRCA's financial resources and broad expertise are unmatched in the industry. We do indeed put a price on every piece of fine jewelry presented. There is no limit or minimum. Yet Del Gatto makes it clear that "CIRCA's paramount interest is in customer satisfaction, nurturing loyalty and fostering our esteemed reputation. No one else treats clients as well as we do. At CIRCA, you are not a number, your family and your assets are our heartfelt interest. You see that in our whole process, in presenting a price and providing the knowledge in how we got there."

CIRCA's depth of knowledge and access to collections is in steady and solid growth. With offices in New York, Palm Beach, San Francisco, Chicago, Washington D.C., Las Vegas and Hong Kong CIRCA has plans for cosmopolitan expansion to Los Angeles, Atlanta, Houston, Dallas and Boston, and internationally to London, Paris, Brazil and beyond. CIRCA works with clients from around the world; we are not exclusive to our regional office areas.

To speak with a buyer for a CIRCA evaluation, please call 1.800.876.8480.

**TOLL FREE 800 87**

©2007 Circa Inc.

CIRCA - We buy jewelry. Sell your jewelry in New York, Palm Beach, San Francisco, Chicago, Washington, D.C., Hong Kong    Page 1 of 1

http://www.circajewels.com/



PHILOSOPHY    ABOUT US    LOCATIONS    CONTACT

CIRCA

©2007 Circa Inc.

**PHILOSOPHY**

CIRCA's financial resources and broad expertise are unmatched in the industry. We do indeed put a price on every piece of the jewelry presented. There is no limit or minimum. Yet Del Gatto makes it clear that 'CIRCA's paramount interest is in customer satisfaction, nurturing loyalty and fostering our esteemed reputation. No one else treats clients as well as we do. At CIRCA, you are not a number, you or your family and your assets are our heartfelt interest. You see that in our whole process, in presenting a price and providing the knowledge in how we got there.'

CIRCA's depth of knowledge and access to collections is in steady and solid growth. With offices in New York, Palm Beach, San Francisco, Chicago, Washington D.C., Las Vegas and Hong Kong CIRCA has plans for cosmopolitan expansion to Los Angeles, Atlanta, Houston, Dallas and Boston and internationally to London, Paris, Brazil and beyond. CIRCA works with clients from around the world; we are not exclusive to our regional office areas.

To speak with a buyer for a CIRCA evaluation, please call 1.800.876.5490.

CIRCA takes it from here.

**TOLL FREE 800 87**

6/5/2007

PHILOSOPHY   ABOUT US   LOCATIONS   CONTACT

CIRCA

LOCATIONS

NEW YORK
415 Madison Avenue
19th Floor
New York, NY 10017
212 489 6013

CHICAGO
John Hancock Building
875 North Michigan Avenue
Suite #2848
Chicago, IL 60611
312 787 0588

CHICAGO
1 Tower Lane
Suite 1700
Oakbrook Terrace
Oakbrook, IL 60181
312 787 0588
By Appointment Only

SAN FRANCISCO
50 California Street
Suite #1600

©2007 Circa Inc.

TOLL FREE 800 87

CIRCA - We buy jewelry. Sell your jewelry in New York, Palm Beach, San Francisco, Chicago, Washington, D.C., Hong Kong    Page 1 of 1



PHILOSOPHY   ABOUT US   LOCATIONS   CONTACT

**CIRCA**

LOCATIONS

CHICAGO
1 Tower Lane
Suite 1700
Oakbrook Terrace
Oakbrook, IL 60181
312 787 8880
By Appointment Only

SAN FRANCISCO
50 California Street
Suite #500
San Francisco, CA 94111
415 621 8100

PALM BEACH
Palm Beach Towers
44 Cocoanut Row - Suite 1101
Palm Beach, FL 33480
561 832 1857

HONG KONG
Suite 1401, Prince's Building
Central, Hong Kong
011 852 2810 8887

TOLL FREE 800 87

© 2007 Circa Inc.

http://www.circajewels.com/

6/5/2007

CIRCA - We buy jewelry. Sell your jewelry in New York, Palm Beach, San Francisco, Chicago, Washington, D.C., Hong Kong    Page 1 of 1



EXHIBIT "D"

TRADING UP. TRADING DOWN.
OR SIMPLY TRADING IT IN...

SOMETIMES CHANGE IS GOOD.

At Circa, we provide an upscale, professional and reliable service for clients who want to sell their fine jewelry. And by paying for each item immediately, we allow you to make your next exciting change. ☺

415 MADISON AVE, 19TH FLOOR | NEW YORK, NY 10017
800.876.5490 | 212.486.5013 | WWW.CIRCAJEWELS.COM
NEW YORK | PALM BEACH | CHICAGO | SAN FRANCISCO | HONG KONG

CIRCA
WE'LL TAKE IT FROM HERE.