UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CIRCA, INC                                                                  07 Civ. No. 10265 (RMB)

        Plaintiff,

                                              **ANSWER TO COUNTERCLAIMS**
                                              **BY PLAINTIFF-COUNTERCLAIM**
                                              **DEFENDANT, CIRCA INC**

        v.

MEL BERNIE AND COMPANY, INC.

        Defendant.
_____X

MEL BERNIE and COMPANY, INC

        Counterclaimant,

v.

CIRCA, INC and ROES 1-10, inclusive,

        Counterclaim Defendants.
_____X

Plaintiff, Counterclaim-Defendant, Circa Inc ("Circa Inc") through its attorneys, Collier & Basil,

P.C., answer the Counterclaims asserted against it as follows:

## INTRODUCTION

Circa Inc realleges and reasserts its allegations in the Complaint in response to the

Counterclaims asserted against it by Defendant, "MBC", in addition to the specific responses set

forth herein.

## THE PARTIES

1

1. Circa Inc admits the allegations of Paragraph One of the Counterclaims.

2. Circa Inc admits the allegations of Paragraph Two of the Counterclaims.

3. Circa Inc lacks sufficient knowledge or basis for belief to admit or deny the allegations of Paragraph Three of the Counterclaims. On that basis, the allegations are denied.

4. Circa Inc lacks sufficient knowledge or basis for belief to admit or deny the allegations of Paragraph Four of the Counterclaims. On that basis, the allegations are denied.

5. As there are no factual allegations in Paragraph Five of the Counterclaims, Circa Inc neither admits nor denies the statements contained therein. To the extent that factual allegations are deemed to have been included in Paragraph Five, they are denied.

6. Circa Inc denies the allegations in paragraph Six of the Counterclaims.

## FACTS COMMON TO ALL COUNTERCLAIMS

7. Circa Inc admits the allegations in paragraph Seven of the Counterclaims.

8. In answering these Counterclaims, Circa Inc will refer to a mark or an alleged trademark other than a Registered Trademark as "trademark" and will refer to a Registered Trademark as a "Registered Trademark". Circa Inc lacks sufficient knowledge or basis for belief to admit or deny the allegations of Paragraph Eight of the Counterclaims. On that basis, these allegations are denied, except to admit that MBC uses the term "Circa 1900" in interstate trade or commerce in connection with the sale of MBC's "Circa 1900" line of costume jewelry. On information and belief, Circa Inc denies that MBC has ever used the word "CIRCA" alone as an alleged trademark. Circa Inc also points out that MBC has purported to own the Registered Trademark CIRCA only since November 15, 2006, a date well after Circa Inc adopted "Circa Inc" as its corporate name. On information and belief, if MBC ever used the word "CIRCA" alone prior to

November 15, 2006, it was not properly used as a trademark of MBC as it was not so referenced via proper marking such as it being followed by "TM" or the like. Circa Inc denies the implication in the Counterclaims that "Circa 1900" is a Registered Trademark. Circa Inc further denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Eight and in subsequent paragraphs refers to Registered Trademarks. MBC applied for registration of "Circa 1900" on January 26, 2002 and that Registration has been consistently refused by the United States Patent and Trademark Office. On information and belief, Circa Inc denies that "Circa 1900" has been used by MBC as a trademark or design mark of MBC as it was not so referenced via proper marking such it being followed by a "TM" or the like. Circa Inc also points out that MBC filed with The United States Patent and Trademark Office on April 26, 2006, a Petition to Cancel the Registered Trademark "CIRCA" than owned by UKI Products Limited on the basis that UKI had abandoned the mark. Such Petition was withdrawn only on March 26, 2007.

9.      Circa Inc lacks sufficient knowledge or basis for belief to admit or deny the allegations of Paragraph Nine of the Counterclaims. On that basis, these allegations are denied, except to admit that MBC is registered as the owner of the abandoned Trademark "Circa," and has attached to the Counterclaims accurate copies of filings with the United States Patent and Trademark Office as Exhibits A and B.

10.     Circa Inc denies the allegations of Paragraph Ten of the Counterclaims, except that Circa Inc admits that MBC has used term "Circa 1900." Circa Inc denies that "Circa 1900" is a valid common law or statutory trademark or design mark of MBC. Circa Inc denies that MBC has taken the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, <u>inter alia</u>, failing to attach the designation "TM" to "Circa 1900" in trade. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Ten refers to

Registered Trademarks.

11.     Circa Inc denies the allegations of Paragraph Eleven of the Counterclaims, except that Circa Inc admits that MBC has used the term "Circa 1900." Circa Inc denies that "Circa 1900" is a valid common law or statutory trademark or design mark of MBC. Circa Inc denies that MBC has taken the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, <u>inter alia</u>, failing to attach the designation "TM" to "Circa 1900" in trade. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Eleven refers to Registered Trademarks.

12.     Circa Inc denies the allegations of Paragraph Twelve of the Counterclaims, except that Circa Inc admits that MBC has used the term "Circa 1900" before Circa Inc began using the trademark, "Circa." Circa Inc denies that "Circa 1900" is a valid common law or statutory trademark or design mark of MBC. Circa Inc denies that MBC has taken the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, <u>inter alia</u>, failing to attach the designation "TM" to "Circa 1900" in trade. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Twelve refers to Registered Trademarks.

13.     Circa Inc denies the allegations of Paragraph Thirteen of the Counterclaims, except that Circa Inc admits that it created and registered the domain name circajewels.com and used in commerce with respect to its purchase of jewelry after MBC began has using the term "Circa 1900" in commerce with respect to the sale of jewelry. Circa Inc denies that "Circa 1900" is a valid common law or statutory trademark or design mark of MBC. Circa Inc denies that MBC has taken the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, <u>inter alia</u>, failing to attach the designation "TM" to "Circa 1900" in trade. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Thirteen refers to

Registered Trademarks.

14. Circa Inc denies the allegations of Paragraph Fourteen of the Counterclaims

15. Circa Inc denies the allegations of Paragraph Fifteen of the Counterclaims, except that Circa Inc admits that it uses the word "Circa" in advertising and trade, and that Exhibit D is an accurate copy of one of the advertisements of Circa Inc for the purchase, but not the sale, of jewelry.

16. Circa Inc denies the allegations of Paragraph Sixteen of the Counterclaims.

17. Circa Inc admits the allegations of Paragraph Seventeen of the Counterclaims.

18. Circa Inc admits the allegations of Paragraph Eighteen of the Counterclaims.

19. Circa Inc denies the allegations of Paragraph Nineteen of the Counterclaims.

20. Circa Inc denies the allegations of Paragraph Twenty of the Counterclaims. Circa Inc denies that the term "MBC's trademarks" as used by MBC in this Paragraph Twenty refers to Registered Trademarks.

21. Circa Inc denies the allegations of Paragraph Twenty-one of the Counterclaims, except to admit that potential customers and clients of MBC are found in this district.

22. Circa Inc denies the allegations of Paragraph Twenty-two of the Counterclaims.

23. Circa Inc admits the allegations of Paragraph Twenty-three of the Counterclaims, while denying any "unlawful activity."

24. Circa Inc admits the allegations of Paragraph Twenty-four of the Counterclaims, while denying any "unlawful activity."

25. Circa Inc admits the allegations of Paragraph Twenty-five of the Counterclaims.

26. Circa Inc denies the allegations of Paragraph Twenty-six of the Counterclaims, except to admit that MBC sent a letter to counsel for Circa Inc on August 9, 2007, the contents of which

speak for themselves. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Twenty-six refers to Registered Trademarks.

27. Circa Inc denies the allegations of Paragraph Twenty-seven of the Counterclaims, except to admit that it has not ceased doing business using word "CIRCA," nor has Circa Inc ceased operating circajewels.com.

## FIRST COUNTERCLAIM FOR TRADEMARK INFRINGEMENT

## [15 U.S.C. § 1114(1)]

28. Circa Inc., repeats the statements made in the preceding paragraphs as if restated here in full. Circa Inc also points out that 15 U.S.C. 1114 relates only to Registered Trademarks.

29. Circa Inc lacks sufficient knowledge or basis for belief to admit or deny the allegations of Paragraph Twenty-Nine of the Counterclaims. On that basis, the allegations are denied, except to admit that MBC uses the term "Circa 1900" in interstate trade or commerce in connection with the sale of MBC's "Circa 1900" line of costume jewelry. Circa Inc denies that "Circa 1900" is a valid common law or statutory trademark or design mark of MBC. Circa Inc denies that MBC has taken the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, inter alia, failing to attach the designation "TM" to "Circa 1900" in trade and by failing to obtain approval of registration of "Circa 1900" by the United States Patent and Trademark Office. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Twenty-nine refers to Registered Trademarks.

30. Circa Inc denies the allegations in Paragraph Thirty of the Counterclaims, except to admit that MBC is registered as the owner of the abandoned Trademark "Circa" for use in International Class 14.

31. Circa Inc lacks sufficient knowledge or basis for belief to admit or deny the allegations of

Paragraph Thirty-one of the Counterclaims. On that basis, the allegations are denied, except to admit that MBC is registered as the owner of the abandoned Trademark "Circa," and uses the term "Circa 1900" in trade. Circa Inc denies that "Circa 1900" is a valid common law or statutory trademark or design mark of MBC. Circa Inc denies that MBC has taken the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, <u>inter</u> <u>alia</u>, failing to attach the designation "TM" to "Circa 1900" in trade and by failing to obtain approval of registration of "Circa 1900" by the United States Patent and Trademark Office. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Thirty-one refers to Registered Trademarks.

32. Circa Inc denies the allegations of Paragraph Thirty-two of the Counterclaims. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Thirty-two refers to Registered Trademarks.

33. Circa Inc denies the allegations of Paragraph Thirty-three of the Counterclaims.

34. Circa Inc denies the allegations of Paragraph Thirty-four of the Counterclaims.

35. Circa Inc denies the allegations of Paragraph Thirty-five of the Counterclaims.

36. Circa Inc denies the allegations of Paragraph Thirty-six of the Counterclaims.

**SECOND COUNTERCLAIM FOR FALSE DESIGNATION OF ORIGIN**

**[15 U.S.C. § 1125(a)]**

37. Circa Inc., repeats the statements made in the preceding paragraphs as if restated here in full.

38. Circa Inc denies the allegations of Paragraph Thirty-eight of the Counterclaims.

39. Circa Inc denies the allegations of Paragraph Thirty-nine of the Counterclaims.

40. Circa Inc denies the allegations of Paragraph Forty of the Counterclaims.

41. Circa Inc denies the allegations of Paragraph Forty-one of the Counterclaims.

42. Circa Inc denies the allegations of Paragraph Forty-two of the Counterclaims.

43. Circa Inc denies the allegations of Paragraph Forty-three of the Counterclaims.

### THIRD COUNTERCLAIM FOR CYBER PIRACY

### [15 U.S.C. § 1125(d)]

44. Circa Inc, repeats the statements made in the preceding paragraphs as if restated here in full.

45. Circa Inc admits the allegations of Paragraph Forty-five of the Counterclaims.

46. Circa Inc denies the allegations of Paragraph Forty-six of the Counterclaims.

47. Circa Inc denies the allegations of Paragraph Forty-seven of the Counterclaims.

48. Circa Inc denies the allegations of Paragraph Forty-eight of the Counterclaims.

49. Circa Inc denies the allegations of Paragraph Forty-nine of the Counterclaims.

50. Circa Inc denies the allegations of Paragraph Fifty of the Counterclaims.

51. Circa Inc denies the allegations of Paragraph Fifty-one of the Counterclaims.

52. Circa Inc denies the allegations of Paragraph Fifty-two of the Counterclaims.

53. Circa Inc denies the allegations of Paragraph Fifty-three of the Counterclaims.

### FOURTH COUNTERCLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT

54. Circa Inc., repeats the statements made in the preceding paragraphs as if restated here in full.

55. Circa Inc denies the allegations of Paragraph Fifty-five of the Counterclaims. Circa Inc denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Fifty-five refers to Registered Trademarks.

56. Circa Inc denies the allegations of Paragraph Fifty-six of the Counterclaims. Circa Inc

denies that the term "CIRCA trademarks" as used by MBC in this Paragraph Fifty-six refers to Registered Trademarks.

57. Circa Inc denies the allegations of Paragraph Fifty-seven of the Counterclaims.

58. Circa Inc denies the allegations of Paragraph Fifty-eight of the Counterclaims. Circa Inc denies that the term "MBC's trademarks" as used by MBC in this Paragraph Ten refers to Registered Trademarks.

59. Circa Inc denies the allegations of Paragraph Fifty-nine of the Counterclaims.

60. Circa Inc denies the allegations of Paragraph Sixty of the Counterclaims.

61. Circa Inc denies the allegations of Paragraph Sixty-one of the Counterclaims.

**FIFTH COUNTERCLAIM FOR CALIFORNIA STATUTORY UNFAIR COMPETITION**

[Cal. Business & Professions Code §§ 17200 *et seq*.]

62. Circa Inc., repeats the statements made in the preceding paragraphs as if restated here in full.

63. Circa Inc denies the allegations of Paragraph Sixty-three of the Counterclaims.

64. Circa Inc denies the allegations of Paragraph Sixty-four of the Counterclaims.

65. Circa Inc denies the allegations of Paragraph Sixty-five of the Counterclaims.

**SIXTH COUNTERCLAIM FOR**

**CALIFORNIA COMMON LAW UNFAIR COMPETITION**

66. Circa Inc., repeats the statements made in the preceding paragraphs as if restated here in full.

67. Circa Inc denies the allegations of Paragraph Sixty-seven of the Counterclaims.

68. Circa Inc denies the allegations of Paragraph Sixty-eight of the Counterclaims.

69. Circa Inc denies the allegations of Paragraph Sixty-nine of the Counterclaims.

70. Circa Inc denies the allegations of Paragraph Seventy of the Counterclaims.

71. Circa Inc denies the allegations of Paragraph Seventy-one of the Counterclaims.

72. Circa Inc denies the allegations of Paragraph Seventy-two of the Counterclaims.

### SEVENTH COUNTERCLAIM FOR AN ACCOUNTING

73. Circa Inc, repeats the statements made in the preceding paragraphs as if restated here in full.

74. Circa Inc denies the allegations of Paragraph Seventy-four of the Counterclaims.

### EIGHTH COUNTERCLAIM FOR CONSTRUCTIVE TRUST

75. Circa Inc., repeats the statements made in the preceding paragraphs as if restated here in full.

76. Circa Inc denies the allegations of Paragraph Sixty-seven of the Counterclaims.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred as a result of the abandonment of the trademark "Circa" by MBC and its predecessor(s) in interest.

### FOURTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred as a result of MBC's fraudulent

statements to the United States Patent and Trademark Office in connection with the trademark "Circa".

## FIFTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, if barred because MBC's alleged trademark(s) at issue have failed to establish a secondary meaning.

## SIXTH AFFIRMATIVE DEFENSE

MBC is not the owner of the trademark "Circa".

## SEVENTH AFFIRMATIVE DEFENSE

MBC has not used the trademark "Circa" in commerce at a time relevant to the allegations in the Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred because Circa Inc has priority of usage over MBC for the trademark "Circa".

## NINTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred because the marks used by the respective parties create no substantial likelihood of confusion.

## TENTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred because the marks used by the respective parties are not confusingly similar.

## ELEVENTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred because the goods and/or services of the respective parties are not competitive and/or are unrelated.

## TWELFTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred because "Circa 1900" is not a valid common law or statutory trademark or design mark of MBC. MBC has failed to take the steps necessary to obtain statutory or common law trademark protection of "Circa 1900" by, inter alia, failing to attach the designation "TM" to "Circa 1900" in trade or by failing to obtain approval of any application for "Circa 1900" by the United States Patent and Trademark Office.

## THIRTEENTH AFFIRMATIVE DEFENSE

One or more of the counterclaims, in whole or part, is barred by the doctrine of estoppel, based upon the representations of MBC to the United States Trademark Office, inter alia, that the "Circa" Trademark was abandoned and that the term "Circa 1900" would not infringe upon the pre-existing "Circa" Trademark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor including the following relief:

A.  Declaring that the use of "Circa Inc", "Circa", and "CIRCAJEWELS.COM" by Plaintiff does not and will not:

   (1)  infringe Defendant's trademark rights;

   (2)  constitute unfair competition, false designation of origin, or false advertising under the Lanham Act; or

   (3)  constitute unfair competition, false designation of origin, or false advertising under state and common law.

B.  Enjoining Defendant, its agents, servants, employees, attorneys, affiliates, subsidiaries and parents, and those persons or entities in active concert or participation with them, from:

   (1)  interfering with the use of "Circa Inc", "Circa" or

"CIRCAJEWELS.COM" by Plaintiff, including but not limited to interference by pursuing lawsuits and administrative proceedings;

(2)     threatening litigation or other actions against Plaintiff as a result of Plaintiff's use of "Circa Inc", "Circa" or "CIRCAJEWELS.COM" in its trade or business; and

(3)     making statements or allegations to any non-parties that Plaintiff's use of "Circa Inc", "Circa" or "CIRCAJEWELS.COM" is in violation of any right belonging to Defendant.

C.     Dismissing each and every Counterclaim, with prejudice; and

D.     Awarding Plaintiff:

(1)     Costs of suit, including reasonable attorneys fees; and

(2)     such other relief as this Court may find to be just and proper.

Dated:  January 7, 2008
        New York, New York

Gallo & Darmanian
230 Park Avenue, Suite 863
New York, NY 10169
Attn: Denise Darmanian, Esq. (DD6648)
(212) 692-0872
(212) 692-0875 (FAX)
NYFED@aol.com

COLLIER & BASIL, P.C.
125 West 31st Street, Suite 19-B
New York, NY 10001
(917) 512-3066
(831) 536-1075 (FAX)
robertjbasil@collierbasil.com

_____/s_____
Robert J. Basil, Esq. (RB 3410)
A Director of the Firm

13