## DECLARATION OF MARVIN GELFAND

I, MARVIN GELFAND, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California and have been admitted *Pro Hac Vice* to practice before this Court in this action. I am a member, through my professional corporation, of Weissmann Wolff Bergman Coleman Grodin & Evall LLP, attorneys of record for Defendant and Counterclaimant Mel Bernie and Company, Inc. ("MBC"). I make this declaration in support of MBC's Motion to Transfer Venue to the Central District of California. The facts set forth in this declaration are within my personal knowledge, and if called as a witness, I could and would competently testify to the truth thereof.

2. On January 29, 2007, MBC, I sent via certified mail a letter demanding that plaintiff cease using the CIRCA trademark. On March 21, 2007, I again contacted plaintiff by letter sent via U.S. Mail regarding the above-mentioned unlawful activity. I was contacted by plaintiff's counsel advising me that they would investigate the nature of our claims, and provide me with a further response. On May 31, 2007, plaintiff, through counsel, responded by letter sent via first class mail to MBC, stating that plaintiff had found "no use of the marks as claimed." On August 9, 2007, after being advised by my client that plaintiff was still publishing advertisements using the name CIRCA notwithstanding plaintiff's counsel's earlier representation, I sent via facsimile a letter to plaintiff's counsel setting forth MBC's use of the CIRCA trademarks and demanding again that plaintiff cease use of the circajewels.com domain name and the CIRCA trademark.

3. On September 18, 2007, plaintiff's counsel responded by letter, cryptically stating that it was "continuing [its] review of the references provided in [MBC's counsel's] letter," that it "expected to respond [once] this process [was]

completed," but that it could not give a precise reply date due to its reliance on "receiving information from third parties."

4. On September 25, 2007, I responded to plaintiff's counsel by letter stating that plaintiff did not seem to appreciate the gravity of the situation, and that, therefore, MBC would proceed to file an action for infringement against plaintiff.

5. I was immediately contacted by plaintiff's counsel, and over the course of the next several weeks, I had discussions with plaintiff's counsel toward settlement of the claims, including potential business solutions. I agreed to refrain from filing a lawsuit while we were discussing potential resolution. While such discussions were pending, plaintiff filed the instant action

I declare under penalty of perjury under the laws of the United States and States of New York and California that the foregoing is true and correct, and that this declaration was executed on Beverly Hills, California on January 25, 2008.

_____
Marvin Gelfand