UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

CIRCA, INC                                      Civ. No.: 07 CV 10265(RMB)

             Plaintiff,

**CERTIFICATION OF NICHOLAS
A. GALLO IN OPPOSITION TO
MOTION TO TRANSFER VENUE**

v.

MEL BERNIE AND COMPANY, INC.

             Defendant.
_____X

Nicholas A. Gallo, of full age, certifies of his own personal knowledge, pursuant to 28 U.S.C.
1746, as follows:

1. I am a member of the firm of Gallo & Darmanian, with offices located in this Southern
District of New York.  At all relevant times I was and continue to be the attorney for plaintiff,
Circa Inc and responsible for this matter.  I have been admitted Pro Hac Vice by order of this
Court to represent Circa Inc in this action.  As such, I have personal knowledge of the facts
stated herein.

2. I have been personally responsible for the file in this case beginning on September 26, 2007.
Since that time, I have conducted the communications, both written and oral, in this matter.
Prior to that date, Denise G. Darmanian, also a member of the firm, was responsible for the file,
which I reviewed upon taking responsibility.

3. As counsel to plaintiff in this matter, I undertook the following activities to discover the
relevant facts related to this case:

(a) I researched the activities of defendant Mel Bernie and Company ("MBC"), including its
subsidiary "1929 Jewelry" or marketing division of that name, on the web;

(b) I researched on the web the activities of KBI, a former purported owner of a trademark
"Circa";

(c) I Googled the word "Circa" on the web;

(d) I studied the filings in and extensive correspondence of MBC with the USTO in its
Application of MBC for Cancellation of the registered trademark "Circa" when owned by KBI;

(e) I considered in a general way provisions of California law re unfair competition and the like;

(f) I studied the filings in and extensive correspondence of MBC with the USTO in its Application to register "Circa 1900";

(g) I interviewed the potential witnesses for Circa Inc, both internal executives and directors, as well as other individuals associated with Circa Inc who have relevant information concerning this matter;

(h) I located and reviewed correspondence, both hard copy and electronic, related to this matter;

(i) I reviewed oral instructions given to and oral reports received from outside individuals associated with Circa Inc in this matter; and

(j) I prepared the witness list attached hereto as Exhibit A. All of these witnesses are located in the New York City area, except for Simon Duffy, who now resides in London, England.

4. Investigations and inquiries made subsequent to Circa Inc making known to our firm the January 29, 2007 letter from counsel for MBC (Exhibit B), led me to the conclusion that there could be no confusion between the trademark and trade name used by Circa Inc and that names used by MBC in marketing its products. I determined that MBC had only used the "Circa 1900" mark and that MBC appeared to be looking for a "payday" by contacting Circa Inc. The coincidental timing of that letter compared with the date that MBC acquired the mark "Circa" in December of 2006 and in the context of Circa Inc adopting its name in December of 2005 added credence to my conclusion. The more complete and in depth the investigations and inquiries became, the more additional support the conclusion gained.

5. During the various discussions I had with MBC counsel, Mr. Gelfand, the California law of Unfair Competition and the like was referenced by him. I had some general familiarity with its reputation and updated my knowledge of it generally. Based on the facts at hand, I was not and am not concerned about that law. It played no role in the choice of venue. MBC is not correct when it claims that avoiding California law was significant in the choice of venue. Indeed, I note that MBC asserted claims under that California law in this Court.

6. It at first seemed impossible to create an understanding on the part of counsel for MBC of the main difference between the businesses of MBC and Circa Inc, namely that Circa Inc bought things and MBC sold things. This was a main reason for the length of time spanned by the exchanges of correspondence.

7. The various references in the accompanying Memorandum of Law in opposition to the application of MBC for a change of venue are made based on my findings as a result of my activities referenced in paragraphs 3, 4, & 5, above.

8. During the increasing numbers of exchanges of E-mails and telephone discussions with counsel for MBC after I undertook responsibility for the file in September of 2007, a possible

commercial structure for settlement was evolved. (The relevant emails are attached hereto as Exhibit C) The difficulties related to financial aspects of any settlement. What was proposed by counsel for MBC did not fit the economic facts of the Circa Inc business. After disclosure of those facts in detail by me by telephone on November 8, 2007, the discussions of a possible economic structure appeared about to become more productive.

9. Nevertheless, it was the view of Circa Inc that it was now up to MBC to make a bone fide financial proposal tailored to the structure evolved by counsel and based on the facts disclosed about the financial parameters of the business of Circa Inc. It was not the view of MBC. By telephone its counsel reiterated his client's  proposal of a 10% royalty on sales as MBC's starting point. At Circa Inc a viewpoint became dominant that it was not possible to settle the matter and it wanted action to put a stop to what it considered to be harassment by MBC in an attempt to get a "payday".

10. Thursday evening November 8, 2007, I met with an attorney colleague to discuss the form of legal action to pursue if the client decided to take action.

11. I sent an E-mail to Mr. Gelfand mid-day on November 9 and spoke to him by telephone. There seemed no longer to be movement toward resolution.

12. Concurrently with the events described in items #9 through #11 above, the filing of a Complaint for Declaratory Judgment if the matter could not be immediately resolved had been determined to be the best course by me. On Friday Afternoon, November 9, 2007 the company indicated that it wanted action.

13. Drafting of such an action proceeded continuously over the holiday weekend November 10-12, 2007. No prior drafting had occurred.

14. Despite the fact that the complete Complaint for Declaratory Judgment was being drafted, I attempted to telephone Mr. Gelfand on November 12 to discuss settlement possibilities further. I was informed that he was on vacation but that he had his computer with him and that a message that I had called would be passed to him. I then E-mailed him early that afternoon asking specific questions. Since Mr. Gelfand was on vacation it was not surprising that he did not immediately respond.

15. Early on November 13 I E-mailed him again. After a telephone conversation with him immediately thereafter, I E-mailed him again and reported the situation to the company. I was instructed to wait no longer to file the Complaint.

16. This action was filed on November 13, 2007.

17. In order to pursue a complete series of actions in support of the position of Circa Inc, an Application for Cancellation of the abandoned mark "Circa", now owned by MBC, was drafted contemporaneously with the Complaint for Declaratory Judgment, and filed on behalf of Circa Inc with the USTO on November 13, 2007. On November 14, 2007, an Application for

Registration of "Circa" as a Service Mark was filed with the USTO on behalf of Circa Inc.

18. Venue for the Petition for Declaratory Judgment as New York was simply a natural selection, based upon the location of Circa Inc, the activities at issue, and the location of the witnesses.

19.  On this thirteenth day of February 2008, pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.


_____/s_____
Nicholas A. Gallo

# EXHIBIT A

Exhibit A

(A) Circa Executives

Howard Sommer, CFO and Director c/o Circa Inc – Mr. Sommer has knowledge concerning the manner in which Plaintiff does business and the considerations made by Plaintiff in deciding that the corporate name should be changed in selecting its  new name trade name and the thrust of its advertising, and marketing methods.

Chris Delggato, President and Director c/o Circa Inc - Mr. Delggato has knowledge concerning the manner in which Plaintiff does business and the considerations made by Plaintiff in deciding that the corporate name should be changed, in selecting its new trade name and the thrust of its advertising, and marketing methods.

Jeffrey Singer, Executive, Secretary and Director. c/o Circa Inc – Mr. Singer has knowledge of the considerations made by Plaintiff in selecting its trade name and attended the Board meeting at which the need for rebranding was discussed.

(B) Fabiola Beracasa, Circa Employee. Assisted Simon Duffy (below) in interviewing current and identifying and interviewing potential future " Sell Jewelry, Inc" (now "Circa Inc" ) customers concerning their impressions about the company.

(C)  Edward Tishelman, Director c/o Circa Inc – Mr. Tishelman has knowledge of the considerations made by Plaintiff in selecting its trade name.  He was a director at the time that a change in corporate name was discussed at the Board meeting of November 9 2005.

Stacy Orloff, Director c/o Circa Inc – Ms. Orloff has knowledge of the considerations made by Plaintiff in selecting its trade name.  He was a director at the time that a change in corporate name was discussed at the Board meeting of November 9 2005.

Richard Tilles,  Director c/o Circa Inc – Mr. Tilles has knowledge of the considerations made my Plaintiff in selecting its trade name.  He was a director at the time that a change in corporate name was discussed at the Board meeting of November 9 2005.

Lawrence Newman, Attorney-at-Law – Without waiving any privileges that may attach to facts known to him, he has knowledge concerning the considerations made at the time a change in the corporate name was being discussed.

(D) Creative Consultants

Simon Duffy, 124-128 Barlby Road, London W10 6BL, England. Tel: 011 44 208 969 6006 E-mail: Simon@meetthebulldog.com.  Mr.  Duffy  has knowledge of the creative process used when residing in New York in creating the corporate name and brand "Circa Inc".  He prepared the presentation made to Circa Inc executives delineating the reasons

why change was necessary and why "Circa, Inc " should be the new name.

Peter White, BYWHITE CREATIVE, 14 West 9th Street #4, New York Ny 10011. Tel: (917) 597 3378. Mr. White was an assistant to Mr. Duffy and thus has knowledge of the creative process used in creating the corporate name and brand "Circa Inc". E-mail: blanc71@mac.com


(E)  Advertising Account Executive.

Sara Rotman. MODcO CREATIVE, INC, 131 Verick Street New York NY 10013. Tel:  (212) 243 0242. E-mail: Sara@modcocreativw.com.  Ms. Rotman was responsible for creating advertisements incorporating the "Circa Inc" corporate name and the "Circa" brand as well as evolving the media plan. She was also responsible for creative aspects of the Circa Inc corporate brochure. She has a limited number of documents reflecting communications with the company.

(F)  Expert Witness

Dr. Joel Steckel. New York University, 812 Tisch Hall, New York NY 10012-1126. Tel: (212)995 4006. Dr. Stickel is expected to render an expert opinion with respect to confusion between trademarks per se and specifically concerning "Circa Inc" and "Circa 1900". He would also possibly be a witness concerning a dedicated survey/study addressing confusion between "Circa Inc" and "Circa 1900"

(G) Nicholas A. Gallo. Gallo & Darmanian, Olympic Tower, 645 Fifth Avenue, Suite 703, New York NY 10022. Tel: (212) 692 0872. Mr. Gallo is familiar with the discussions between attorneys for the parties, the public documents involved, the decision to file the Application for Declaratory Judgment, the Application for Cancellation of the trademark "Circa" now owned by MBC with the United States Trademark Office ("USTO) and the Application on behalf of Circa Inc to Register the service mark "Circa" in the USTO. He is not expected to be a witness in this case, but he is providing information related to this motion and is in possession of  documents he has acquired on behalf of Plaintiff related to the factual matters at issue.  He also has provided this witness list.

(H) Share holders as at December 7, 2005 (to the extent not mentioned above) who consented to the change in Corporate name and who thus may have knowledge that MBC may want to access concerning the need for the change in name and for the adoption of "Circa Inc" as the new name.

    Sidney Tilles

    Mildred Tilles

    H. Kenneth Cohen

Matthew Tilles

Peggy Tilles

Renato DiRusso

Ronald M. Urvater

Alice Kwartler

Gary Popofsky

Nolen Epstein

# EXHIBIT B

WWBCGE

**Marvin Gelfand**
a professional corporation
mgelfand@wwllp.com
310.860.3325

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

January 29, 2007

Howard Sommer
Circa Inc.
415 Madison Avenue, 19th Floor
New York, NY 10017

Re:  Misappropriation, Infringement and
     Unauthorized Use of CIRCA
     Our File No. 11852.0001

Dear Mr. Sommer:

    We are intellectual property counsel to Mel Bernie and Company, Inc. dba
1928 Jewelry Company ("1928"), a costume jewelry manufacturer based in
Burbank, California. As you may know, our client adopted and has used the
trademark CIRCA 1900 for more than fifteen years, owns trademark registration
no. 2833617 for CIRCA (the "CIRCA trademarks") and has established substantial
good will in its CIRCA trademarks. Specifically, our client has used the CIRCA 1900
trademark since at least as early as October 22, 1991 for jewelry.

    During these fifteen years, our client has expended significant time,
money, and effort to establish public recognition of its marks as identifying them
as the source of high quality jewelry. Our client has used these trademarks in
advertising and promoting its sale of these goods throughout the United States.
As a result of these efforts, our client has established substantial consumer
recognition of the CIRCA trademarks and good will, and they have become two
of our client's valuable assets.

    It has recently come to our client's attention that Circa Inc. has registered
the mark CIRCA with REGISTER.COM as part of the domain name
CIRCAJEWELS.COM and is using the CIRCA mark on that website with regard to
jewelry. Because of the increasing commercial character of the Internet and our
client's launch of its own site on the World Wide Web, your company's use of the
CIRCAJEWELS.COM domain name and CIRCA mark will create confusion among

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD. NINTH FLOOR. BEVERLY HILLS. CA 90212  T: 310.858.7888 F: 310.650.7191 WWW.WWLLP.COM
LAWYERS

327740_1.DOC

Howard Sommer
January 29, 2007
Page 2

internet browsers and consumers who will believe any site identified by this name
is maintained, sponsored by, or affiliated with our client. Your use and registration
of this name and mark therefore violates our client's legal rights in its CIRCA 1900
and CIRCA trademarks and constitutes unfair competition and infringement of
our client's CIRCA 1900 and CIRCA trademarks as well as a violation of the
federal Anticybersquatting Consumer Protection Act.

We therefore request that Circa Inc. cease use of the CIRCAJEWELS.COM
domain name and CIRCA mark and immediately surrender and assign all rights
and interest in this name and its registration to our client. Please provide us with
your written assurances that your company will do so. We will then send you the
documents necessary to confirm your cessation of use of this domain name and
to assign rights in it to our client.

Please provide us with the requested assurances as soon as possible, but
in no event later than February 28, 2007. If we do not receive your assurances
within this time, we will so advise our clients and take appropriate steps to
prevent any continued infringement.

Very truly yours,

Marvin Gelfand

MG/dm

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP

327740_1.DOC

# EXHIBIT C

Subj:    **Circa/Your File 11862.0017**
Date:    9/26/2007 12:46:26 P.M. Eastern Daylight Time
From:   Gallogdlaw
To:      mgelfand@wwllp.com

Dear Mr. Gelfand:

I am writing to you because my colleague, Ms. Darmanian, is out of the office and because I have not been able to reach you by telephone. I would still like to speak to you when you are available.

We understand the situation very well.

It may be that you do not understand our position.

Firstly, we do not accept that there has been use of the mark "Circa" by your client. The only use of the word "Circa" has been in conjunction with a date such as "1900". We do not consider this to constitute use.

Secondly, when attempting to obtain trademark protection for other marks that included the word "Circa", you, or one of your colleagues, represented that there had been no use of the "Circa" mark.

Thirdly, your client and ours are in entirely separate markets. Yours only sells jewelry. Ours only buys jewelry. In fact, yours only sells low end jewelry while ours only buys high end jewelry. As a result there is certainly no unfair competition because there is no competition.

Fourthly, because of the facts noted above, we still think a license, as suggested by Ms. Darmanian in earlier correspondence, is a better way solve any problem than engage in unnecessary litigation where the only real winners will be your firm and ours.

As for authorization to accept service, we do not now have it but will speak to our client on this point.

Regards,

Nicholas A. Gallo
Gallo & Darmanian

See what's new at AOL.com and Make AOL Your Homepage.

Subj:     **Circa**
Date:     9/26/2007 6:12:37 P.M. Eastern Daylight Time
From:     Gallogdlaw
To:       mgelfand@wwllp.com

Dear Mr. Gelfand:

My partner is gathering some ads and a brochure. They will be sent to you post haste.

To be clear, our client buys jewelry from people that need to sell to raise money or would rather have money as their asset or cannot choose between heirs, etc.

Their clients come to the Circa offices for a confidential meeting and are usually offered a price on the spot. If that price is satisfactory, it is paid on the spot. Within days the jewelry is sold to high level wholesalers, sometimes by silent auction. It immediately loses any identification or even connection with "Circa".

As for the web site, our client's is "circa jewels" and your client's is "1928 jewelry", so there should not be confusion at that level. On your client's web site, the word "circa" only appears a couple of times.

I doubt there is any confusion in the mind of actual customers. I have no doubt that there is irritation in the mind of your client.

Look at the things that are being sent to you and give me a call at your leisure.

I am sure this can be resolved.

Regards,

Nicholas Gallo
Gallo & Darmanian

See what's new at AOL.com and Make AOL Your Homepage.

Page 1 of 1

| | |
|---|---|
| Subj: | **Circa** |
| Date: | 10/2/2007 1:01:33 P.M. Eastern Daylight Time |
| From: | Gallogdlaw |
| To: | mgelfand@wwllp.com |
| CC: | NYFED |

Dear Mr. Gelfand:

Your office should have received on Friday the materials that I promised you.

For the moment the ball is in your court. Give me a call or E-mail when you are ready to discuss the matter further.

Nicholas Gallo

See what's new at AOL.com and Make AOL Your Homepage.

Page 1 of 1

Subj:   **Circa/Your File 11862.0017**
Date:   10/16/2007 12:50:17 P.M. Eastern Daylight Time
From:   Gallogdlaw
To:     mgelfand@wwllp.com

Dear Mr. Gelfand:

I am just checking in.

When we spoke the end of September, I promised that we would send various advertisements to you representative of those of our client -- Circa, Inc.

My partner sent those to you September 27th.

When you are ready to discuss this matter further, give me a call.

Nicholas A. Gallo
Gallo & Darmanian
230 Park Avenue
Suite 863
New York, NY
10169

Tel: + (1) (212) 692 0872
Fax: + (1) (212) 692 0875

See what's new at AOL.com and Make AOL Your Homepage.

Subj:    **RE: Circa/Your File 11862.0017**
Date:    10/26/2007 2:56:17 P.M. Eastern Daylight Time
From:    MGelfand@wwllp.com
To:      Gallogdlaw@aol.com

Hi Nicholas

I understand that you are out of the country and will return on Monday. Please call me upon your return. Thanks.

Marvin

**Marvin Gelfand** | Weissmann Wolff Bergman Coleman Grodin & Evall, LLP | 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, CA 90212 | direct: 310 860 3325 | main: 310 858 7888 | fax: 310 550 7191 | mgelfand@wwllp.com

This email message is for the sole use of the intended recipient(s) and may contain privileged and/or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

-----Original Message-----
**From:** Gallogdlaw@aol.com [mailto:Gallogdlaw@aol.com]
**Sent:** Tuesday, October 16, 2007 9:50 AM
**To:** Marvin Gelfand
**Subject:** Circa/Your File 11862.0017

Dear Mr. Gelfand:

I am just checking in.

When we spoke the end of September, I promised that we would send various advertisements to you representative of those of our client -- Circa, Inc.

My partner sent those to you September 27th.

When you are ready to discuss this matter further, give me a call.

Nicholas A. Gallo
Gallo & Darmanian
230 Park Avenue
Suite 863
New York, NY
10169

Tel: + (1) (212) 692 0872
Fax: + (1) (212) 692 0875

See what's new at AOL.com and Make AOL Your Homepage.

| Subj: | **Re: Circa/Your File 11862.0017** |
|-------|-------------------------------------|
| Date: | 10/27/2007 12:05:22 A.M. Eastern Daylight Time |
| From: | Gallogdlaw |
| To: | MGelfand@wwllp.com |

In a message dated 10/26/2007 2:56:17 P.M. Eastern Daylight Time, MGelfand@wwllp.com writes:

| Please call me upon your return.  Thanks.

Will do Marvin. I am taking depositions in Paris today, Saturday. I will be returning Monday late in the day and will call you on Tuesday.

Nicholas Gallo

See what's new at AOL.com and Make AOL Your Homepage.

Sunday, October 28, 2007 AOL: Gallogdlaw

Subj:   **RE: Circa/Your File 11862.0017**
Date:   10/29/2007 1:06:51 P.M. Eastern Daylight Time
From:   MGelfand@wwllp.com
To:     Gallogdlaw@aol.com

Thank you.


**Marvin Gelfand** | Weissmann Wolff Bergman Coleman Grodin & Evall, LLP | 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, CA 90212 | direct: 310 860 3325 | main: 310 858 7888 | fax: 310 550 7191 | mgelfand@wwllp.com

This email message is for the sole use of the intended recipient(s) and may contain privileged and/or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

-----Original Message-----
**From:** Gallogdlaw@aol.com [mailto:Gallogdlaw@aol.com]
**Sent:** Friday, October 26, 2007 9:05 PM
**To:** Marvin Gelfand
**Subject:** Re: Circa/Your File 11862.0017

In a message dated 10/26/2007 2:56:17 P.M. Eastern Daylight Time, MGelfand@wwllp.com writes:

Please call me upon your return. Thanks.

Will do Marvin. I am taking depositions in Paris today, Saturday. I will be returning Monday late in the day and will call you on Tuesday.

Nicholas Gallo


See what's new at AOL.com and Make AOL Your Homepage.

Subj:    **RE: Circa/Your File 11862.0017**
Date:    11/8/2007 8:24:13 PM Eastern Standard Time
From:    MGelfand@wwllp.com
To:      Gallogdlaw@aol.com

Nicholas

I still haven't heard anything from you—please get back to me soon.  I need to get this wrapped up or we need to proceed.

Thanks.

Marvin

**Marvin Gelfand** | Weissmann Wolff Bergman Coleman Grodin & Evall, LLP | 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, CA 90212 | direct: 310 860 3325 | main: 310 858 7888 | fax: 310 550 7191 | mgelfand@wwllp.com

*This email message is for the sole use of the intended recipient(s) and may contain privileged and/or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

-----Original Message-----
**From:** Gallogdlaw@aol.com [mailto:Gallogdlaw@aol.com]
**Sent:** Friday, October 26, 2007 9:05 PM
**To:** Marvin Gelfand
**Subject:** Re: Circa/Your File 11862.0017

In a message dated 10/26/2007 2:56:17 P.M. Eastern Daylight Time, MGelfand@wwllp.com writes:

   Please call me upon your return.  Thanks.

Will do Marvin. I am taking depositions in Paris today, Saturday. I will be returning Monday late in the day and will call you on Tuesday.

Nicholas Gallo

See what's new at AOL.com and Make AOL Your Homepage.

Subj:    **Re: Circa/Your File 11862.0017**
Date:    11/9/2007 11:38:49 AM Eastern Standard Time
From:    Gallogdlaw
To:     MGelfand@wwllp.com

Marvin, I just got in and see yours. I will respond during the next hour or so.

Nicholas Gallo

---

See what's new at AOL.com and Make AOL Your Homepage.

| | |
|---|---|
| Subj: | Re: Circa/Your File 11862.0017 |
| Date: | 11/9/2007 12:08:13 PM Eastern Standard Time |
| From: | Gallogdlaw |
| To: | MGelfand@wwllp.com |

Marvin, as I told you, it is very difficult to gather together the key executives of our client company. Frankly, it is very frustrating. When they establish a time it will HAVE to be OK with me. I will not be able to corral them until into next week.

In the meantime, some facts will be of interest to you.

Circa, Inc. has about 30 customers.

The mark up for sale of the jewelry it purchases is only about 20% on the average. The prices are based on the judgment of experienced appraisers on both ends and thus pricing of purchases or resales are not flexible. As must be clear from this, royalty on sales or purchases of the level your client wants is not remotely possible.

The best approach is for Circa, Inc., to get a license for a lump sum or, preferably, to purchase the "Circa" mark. Whatever the approach, I would expect that our client would not object to MBC using the word "Circa" in ANY way MBC wishes. That is only a matter of drafting.

Please give me some time. Any cost of litigation will exceed the value of "Circa" to either party. The "Circa" and "Circa 1900" files in the Trademark Office are not clean and simple.

Get some idea from your client as to what kind of number they would be looking for if structured as per the above.

Nicholas Gallo

---

See what's new at AOL.com and Make AOL Your Homepage.

Message                                                                    Page 1 of 1

Subj:     **RE: Circa,Inc.**
Date:     11/12/2007 7:00:55 P.M. Eastern Standard Time
From:     MGelfand@wwllp.com
To:       Gallogdlaw@aol.com

Nicholas

I did not realize by reading your email that you were expecting my client to respond to any proposal.

**Marvin Gelfand**  Weissmann Wolff Bergman Coleman Grodin & Evall, LLP | 9665 Wilshire Boulevard, Ninth Floor,
Beverly Hills, CA 90212 | direct: 310 860 3325  main: 310 858 7888  fax 310 859 7191  mgelfand@wwllp.com

This email message is for the sole use of the intended recipient(s) and may contain privileged and/or confidential
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the original message.

-----Original Message-----
**From:** Gallogdlaw@aol.com [mailto:Gallogdlaw@aol.com]
**Sent:** Monday, November 12, 2007 11:10 AM
**To:** Marvin Gelfand
**Subject:** Circa,Inc.

Marvin, you go on vacation like I do. Your assistant tells me you took your computer with you.

I called simply to find out where we are. On Friday morning you were waiting to hear from me or you
"need(ed) to proceed". A few hours later you did hear from me. So, is your client considering the
suggestions? I need to advise my client.

Nicholas Gallo


See what's new at AOL.com and Make AOL Your Homepage.

Tuesday, February 12, 2008 AOL: Gallogdlaw

Subj:    **RE: Circa,Inc.**
Date:    11/12/2007 7:04:09 P.M. Eastern Standard Time
From:   MGelfand@wwllp.com
To:     Gallogdlaw@aol.com

Sorry, sent before finished!!

I was expecting your client to get back with you and propose something more tangible than concepts. We offered a license for a 10% royalty. I understand that you told me that those numbers were unacceptable, but I need something more from you. My client is not about to negotiate against itself.

If your client has a counter offer, I would like to hear it. If it doesn't, please let me know that as well and then we decide what to from there.

Thanks.

Marvin


**Marvin Gelfand** i Weissmann Wolff Bergman Coleman Grodin & Evall, LLP i 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, CA 90212 i direct: 310 860 3325  main: 310 858 7888  fax: 310 550 7191  mgelfand@wwllp.com

This email message is for the sole use of the intended recipient(s) and may contain privileged and/or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

    -----Original Message-----
    **From:** Gallogdlaw@aol.com [mailto:Gallogdlaw@aol.com]
    **Sent:** Monday, November 12, 2007 11:10 AM
    **To:** Marvin Gelfand
    **Subject:** Circa,Inc.

    Marvin, you go on vacation like I do. Your assistant tells me you took your computer with you.

    I called simply to find out where we are. On Friday morning you were waiting to hear from me or you "need(ed) to proceed". A few hours later you did hear from me. So, is your client considering the suggestions? I need to advise my client.

    Nicholas Gallo



    See what's new at AOL.com and Make AOL Your Homepage.